LOUIS S. RICHARD *vs.* ZONING BOARD OF REVIEW.

NOVEMBER 4, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(*1*)    *Zoning Board of Review.    Appeal.    Tie Vote.*

While the requirement of a majority vote of a Zoning Board of Review consisting of five members, to sustain an appeal, would seem to indicate that in fairness to an appellant it was the intent of the statute that in case of a tie vote, a re-hearing should be held before the full Board; yet as there was a quorum of the Board at a hearing, the legal effect of a tie vote was a denial of the appeal.

(*2*)    *Zoning Law.    Review.*

X. owned a parcel of land on the corner of two streets containing 8,425 square feet, on which before the enactment of a zoning ordinance she had erected a six family house, leaving an open space 96 feet long by 50 feet wide on the corner.    The Zoning ordinance provided that no building should be erected to accommodate more than one family for each 1,200 square feet of the area of an interior lot or for each 900 square feet of a corner lot and that any area of a corner lot in excess of 7,200 square feet should be considered as an interior lot:—

*Held,* that 7,200 square feet of the land on the corner, being made a corner lot and the remaining 1,225 square feet an interior lot, if there had been no building on the land the area was sufficient to provide accommodation for one family on the interior lot and eight families on the corner lot and as appellant sought to erect a three family house on the remaining land, the erection of the proposed building would accommodate in two buildings the same number of families (nine), without increasing either the density of population or fire hazard, and such erection was proper.

CERTIORARI. Heard on appeal from decision of Zoning Board of Review, and decision sustained.

STEARNS, J.   This proceeding is by *certiorari* directed to the Zoning Board of Review of the city of Woonsocket. Louis S. Richard appealed from a decision of the city building inspector, whereby permission was granted to Olivine Robert to build a three family dwelling house on land adjoining Richard's premises.   The Board of Review denied the appeal.   In the first proceeding in *certiorari* brought by Richard, the action of the Board was declared invalid, for failure of the Board to comply with the requirements of the statute (G. L. 1923, C. 57, as amended by P. L., C. 430) in regard to notice and hearing of the appeal (see rescript filed July 1, 1925); the record was quashed and returned to the Board for further proceedings in accordance with law.   Thereafter at a meeting of the Board, at which four only of the five members were present, a motion that Richard's appeal be sustained was voted upon and resulted in a tie—there being two votes in the affirmative and two in the negative.   The record of the vote is as follows: "The motion was not carried and the appeal of the abutters was not sustained".

As the establishment of zones by cities is optional the working out of a system of zones by a city ordinance has been treated by the legislature as largely a local matter. The right of appeal is to the local Board of Review, the object being evidently to have the decision in the first instance made by a body which is familiar with local conditions.   The statute provides that any person aggrieved by any decision of the Board may petition the Supreme Court for a writ of *certiorari* to review such decision; and the court, after a hearing at which new evidence may be presented if necessary, may affirm, reverse or modify the decision of the Board.   The statutory power of a Board of Review is to hear and decide appeals; the concurring vote of three members of the Board is required to reverse any

decision made by an administrative officer in the enforcement of the statute. This requirement of a majority vote of the full Board to sustain an appeal, would seem to indicate that in fairness to an appellant it was the intent of the statute that in case of a tie vote a re-hearing should be held before the full Board of five members. But as there was a quorum of the Board at the hearing and as there was not a concurring vote of three members to reverse the decision of the building inspector, the legal effect of the vote was a denial of the appeal.

The facts are not in dispute. The question is one of law. Olivine Robert owns a parcel of land on the corner of Carrington avenue and Robert street, containing 8,425 square feet. Before the enactment of the city zoning ordinance she had built thereon a six family dwelling house on Robert street on the southerly portion of her land, leaving an open space 96 feet long by 50 feet wide on the corner of Carrington avenue. In this space she now seeks to erect a three family house. The petitioner, Louis S. Richard, owns a three family house on the northerly part of the adjoining lot on Carrington avenue; he objects on the ground that Olivine Robert does not possess the required amount of land necessary for the proposed building. The land is situated in the 1,200 square foot area district established by the city zoning ordinance. Section 11 of the ordinance provides that no building shall be erected to accommodate more than one family for each 1,200 square feet of the area of an interior lot or for each 900 square feet of a corner lot; and that any area of a corner lot in excess of 7,200 square feet shall be considered as an interior lot. Section 28 of the ordinance, entitled "Definitions" defines a "lot" as a parcel of land occupied or designed to be occupied by one building including such open places as are arranged and designed to be used in connection therewith, and a "corner lot" as a lot at the junction of and fronting on two or more intersecting streets. 7,200 square feet of the Robert's land on the corner of the two streets, by the ordinance is made a corner lot, and the

remaining 1,225 square feet on Robert street an interior lot. If there was no building on the land, the area is sufficient to provide accommodation for one family on the interior lot and eight families on the corner lot. The erection of the proposed building would accommodate in two buildings the same number of families (nine); neither the density of population nor the fire hazard would be increased. The principal difference would be in the location of the two dwellings. But such location as is proposed is really more advantageous to Richard as he thereby has a three family house on the adjoining corner lot instead of an eight family house which might have been built if the whole area at the time of the enactment of the ordinance had been open. The situation of the owner of the Robert's land is exceptional in several respects. It is fair to assume from the location of the existing building that the owner intended either to sell the corner lot or to build upon it. If before the enactment of the ordinance the owner had sold the corner, the purchaser could now erect a three family house thereon; or if the owner had erected a fence between the two parts of his lot the whole area, although the ownership was single, would undoubtedly be held to be two lots and the right to erect a three family building on the corner lot would not be questioned. The ordinance was designed principally to regulate the future use of real estate. The provisions of the ordinance are somewhat inconsistent and the construction thereof requires fair consideration of the public purpose and the property rights of the land owner. In view of all the circumstances we think Olivine Robert is entitled to erect the proposed building; it follows that there was no error committed by the building inspector in granting a permit to build or by the Board of Review in its failure to sustain the appeal.

The decision of the Board of Review is affirmed.

*Raphael L. Daignault*, for petitioner.

*Alberic A. Archambault*, for respondents.