MAY-DAY REALTY CORP. *vs.* ZONING BOARD OF REVIEW OF THE CITY OF PAWTUCKET.

DECEMBER 22, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is a petition for a writ of certiorari to review the action of the zoning board of review of the city of Pawtucket, hereinafter referred to as the board, in refusing to grant the petitioner an exception or a variance from certain requirements of the zoning ordinance of that city.

It appears from the evidence that the petitioner is the owner of a long and rather narrow tract of land located between two highways in that city and zoned in the ordinance as a residence "A" district. On this land the petitioner desires to erect two one-story apartment houses containing in all twenty-eight apartments, and its application to the board was for the purpose of obtaining permission to proceed with the construction of such houses.

It is the contention of the petitioner that the action of the board in respect to the application was in the circumstances wholly illegal. A contrary view, however, is taken by the respondent and by certain remonstrants who were at the hearing before it and who also appeared here.

The instant petition contains numerous reasons which the petitioner argues support its above position. Among those reasons is the following: "That said Board of Review, contrary to the form of the statute in such case made and provided, proceeded to hear said case de novo after the death of said Robert C. Kirk and to decide the same, although said Board then comprised only four instead of five members."

As bearing on that contention the petitioner calls our attention to the record which shows among other things that its application came up for hearing before the board on October 24, 1949, four of the five members thereof being present. While a witness was testifying one of the members suddenly became ill and a recess was taken during which he died. The chairman of the board thereupon adjourned the session "until further notification." Following the giving of such a notice and also a further continuance the petitioner's application was heard de novo by the board on December 5, 1949, the four remaining members thereof then sitting. A few days later the board handed down its decision denying by a vote of three to one petitioner's application for an exception or a variance from the zoning ordinance.

The petitioner maintains that in the circumstances appearing herein, and under the statute in force when its petition was heard and decided, the four members of such zoning board of review remaining in office after the death of the fifth member did not have jurisdiction to hear de novo and decide the petition in question for an exception or a variance. This argument requires an examination of portions of general laws 1938, chapter 342, which is an enabling act in general authorizing cities and towns to pass zoning ordinances and regulating certain procedures thereunder. Section 8 of such chapter deals among other things with the selection and organization of boards of review in relation to zoning. That section was amended in part by public laws 1949, chap. 2293, approved May 9, 1949. It took effect upon its passage and reads as follows: "Sec. 8.

\* \* \*. The board of review shall consist of 5 members, each to hold office for the term of 5 years; *provided, however*, that the original selections shall be made for terms of 1, 2, 3, 4 and 5 years respectively. The chairman, or in his absence, the acting chairman, may administer oaths and compel the attendance of witnesses. The mayor of any city or the town council of any town shall have the right to name an auxiliary or sixth member of said board of review of said city or town, as the case may be, who shall sit as an active member when and if a member of said board is unable to serve at any hearing, upon request of the chairman of said board. All hearings of such board shall be open to the public."

It is the petitioner's contention that in passing chap. 2293 it was the plain intent of the general assembly to provide that a zoning board of review when conducting hearings and arriving at its decisions should at all times consist of five participating members. After consideration we are of the opinion that the petitioner's above contention is sound in so far as it relates to the present case. By the passage of that chapter the only new matter added to §8 by way of amendment was the sentence giving the mayor of any city or the town council of any town the right to name an auxiliary or sixth member of the board of review of such city or town who shall sit as an active member upon request of the chairman of the board when and if a member thereof is unable to serve at any hearing.

It is a reasonable and necessary implication that such sentence was added to the provisions of §8 for an express and definite purpose. In order to give effect to that purpose the chapter in question should be considered in its relation to §8 as a whole and should be broadly construed. So viewed it is our judgment that in a case like the instant one it was the legislative intent to provide by the above amendment a method, through the appointment of an auxiliary or sixth member, whereby five members of the board would always be available to sit at hearings and thus

make up the number which the general assembly deemed necessary in order to have a legal hearing by the board.

Another portion of §8 furnishes a reason why the general assembly may well have considered among other things that in fairness to applicants petitioning the board that body should at all times consist of five participating members. The part of the section referred to reads as follows: "The concurring vote of 3 members of the board shall be necessary to reverse any order, requirement, decision or determination of any such administrative officer, and the concurring vote of 4 members of the board shall be required to decide in favor of the applicant on any matter within the discretion of the board upon which it is required to pass under such ordinance or to effect any variation in the application of such ordinance." Clearly a petitioner is put at a substantial disadvantage if he is forced to obtain the necessary vote of three or four members, as the case may be, out of a number less than five. In fact he could get no decision at all in the latter instance if only a majority of the board was necessary for a quorum.

In the instant case the record shows that the petitioner's application was heard by a board consisting of four members. It does not appear that on December 5, 1949, the date of the hearing, the vacancy caused by the death of one of its members on October 24, 1949 had been legally filled, or that any auxiliary or sixth member of the board to sit as an active member thereof and take the place of the deceased member had ever been named under the provisions of chap. 2293. In our opinion in order to give such chapter any effect, the right to name an auxiliary or sixth member of a board of review must be construed as a duty to act imposed on the naming authority and not as a mere privilege extended to it.

As bearing on the number of members of a board of review required to sit in order to have a legal hearing, the respondent and the remonstrants have called to our attention certain language in *Richard* v. *Zoning Board of Review*,

47 R. I. 102. In our opinion that case does not aid them. In addition to being distinguishable in respect to the nature of the question raised, in that it was an appeal and was not addressed to the board's discretion, the case was decided prior to the passage of chap. 2293 upon which the petitioner relies. The above parties also argue that the petitioner here proceeded to a hearing before the board on December 5, 1949 without making any objection to the number of members sitting. The record indicates that the petitioner appeared at that time before such body without counsel. In any event it is our judgment that the question being one of jurisdiction may properly be argued by the petitioner at this time.

We find that in the circumstances of this case, which involves a question of the exercise of discretion by the zoning board of review of the city of Pawtucket, four members thereof did not have jurisdiction to hear petitioner's application *de novo* on December 5, 1949 and to decide the same, since it was necessary for a valid disposition of the application that such hearing should have been held by a board comprising five members. It becomes unnecessary therefore to pass on the other questions raised and argued.

The petition is granted, the record of the decision of the respondent board denying petitioner's application for an exception or a variance is quashed, and the papers in the case which have been certified to this court are ordered sent back to the respondent board.

*Corcoran, Foley & Flynn, Francis R. Foley,* for petitioner.
*Albert Lisker,* for remonstrants.
*J. Frederick Murphy,* city solicitor, for respondent.