BOLIN, Judge.
Linda Moreau filed an application with the Board of Adjustment of the City of West Monroe, Louisiana, seeking a special exception to the city’s zoning ordinance to allow petitioner to sell alcoholic beverages in an area from which such sale had pre *375 viously been prohibited. Only four of the five members of the board were present and the vote was three for and one against the application, which was denied. Petitioner appealed to the district court which affirmed the board’s ruling, and she has appealed to this court seeking reversal or, alternatively, a remand to the board for further hearing. We affirm the judgment of the lower court.
Petitioner was the owner of a lot in the district wherein she proposed to move her business, known as House of Liquor No. 2, from its location on Cypress Street in West Monroe. At the time she purchased the lot the district had not been zoned. The zoning ordinance, passed in 1973, restricted the area to certain specified businesses providing, however, for special exception uses, one of which was the sale of liquor not to be consumed on the premises.
The ordinance provided for the establishment of a Board of Adjustment to hear and decide requests for special exceptions. Composition, duties and bases for decisions of the board were provided as follows:
“Section VIII.
“B. Board of Adjustment
“1. Establishment. A Board of Adjustment is hereby established, which shall consist of five members to be appointed by the Mayor and Board of Aldermen.

“5. Decisions. The concurring vote of four of the five members of the Board shall be necessary . . . ” (Emphasis supplied)
The Board of Adjustment was established pursuant to the authority of Louisiana Revised Statutes 33:4727:
“The local legislative body may provide for the appointment of a board of adjustment, and in the regulations and restrictions adopted pursuant to the authority of R.S. 33:4721 through R.S. 33:4729 may provide that the board may determine and vary their application in harmony with their general purpose and intent and in accordance with general or specific rules contained therein. The board of adjustment shall consist of five members, and may include two alternate members, all of whom shall be freeholders and qualified voters. The membership of the first board shall serve respectively, one for one year, one for two years, one for three years, one for four years, and one for five years. Thereafter members shall be appointed for terms of five years each. Of the two alternate members first appointed, one alternate member shall be appointed for a term of three years and the other for a term of two years. Thereafter each alternate member shall be appointed for a term of three years. Alternate members shall serve only when called upon to form a quorum, and when so serving shall have all the powers and duties of regular members. All members shall be removable for cause by the appointing authority upon written charges and after public hearings. Vacancies shall be filled for the unexpired term of any member whose term becomes vacant. The board shall elect its own chairman, who shall serve one year. The board shall adopt rules in accordance with the provisions of any ordinance adopted pursuant to R. S. 33:4721 through 33:4729.” (Emphasis supplied)
At the outset it is noted that the quoted statute makes appointment of alternate members discretionary with the board. The West Monroe ordinance does not provide for the appointment of alternates nor does it stipulate the number of members required for a quorum. In the case before us only four of the five members of the board were present and voting at the meeting called to pass on the application of appellant for permission to sell packaged liquor. Three of the four voted for the exception and one against.
*376 Appellant alleges numerous errors were committed by the trial judge. However, we believe the allegations can be consolidated to present three main issues:
1. Was the board legally constituted since at least one of the members had not taken an oath of office?
2. Did the board, with only four of the five members present, have jurisdiction to hear and pass upon the application, where the ordinance required the concurrence of four of the five members to grant the exception ?
3. Was the evidence presented at the hearing sufficient to support the adverse decision of the board ?
Insofar as the first issue is concerned the trial judge concluded the board was legally constituted since the members, acting in their capacity as duly authorized members of the board, were de facto officers and their positions could not be collaterally attacked. Cited in support of this conclusion were Thibodeaux v. Comeaux, 243 La. 468, 145 So.2d 1 (1962); Fakier v. Picou, La.App., 158 So.2d 285 (affirmed 246 La. 639, 166 So.2d 257, 1964). We agree with the trial court’s conclusion on this issue.
The second issue presents a much more challenging question. In support of the contention that the board did not have jurisdiction to hear the application, since there were only four members present instead of the full membership of five, appellant cites two cases emanating from the Supreme Court of Rhode Island. It is conceded the exact issue has not been passed upon in Louisiana. The Rhode Island cases are May-Day Realty Corporation v. Zoning Board of Review, 77 R.I. 469, 77 A.2d 539 (1950) and Kent v. Zoning Board of Review of City of Cranston, 102 R.I. 258, 229 A.2d 769 (1967). Both cases held that in a hearing on a matter over which the Zoning Board of Review [comparable to the Board of Adjustment] had jurisdiction, the board must consist of five participating members. In each case where only four were present or voting the vote was nullified. In both instances the action of the board was quashed and the papers were returned to the respondent board with the decision of the supreme court endorsed thereon.
We do not find the Rhode Island cases controlling. First, the statutes and ordinances in Rhode Island and Louisiana are not identical. Of more importance is that the instant case must be decided in light of Louisiana civil law concepts. There is simply nothing in our statute or the ordinance to support appellant’s argument. To the contrary, Revised Statutes 33 :4727 provides the Board of Adjustment “may” include two alternate members and that “alternate members shall serve only when called upon to form a quorum.” It is clear the appointment of alternates is not required and even if they are appointed they shall serve only when required to form a quorum. In this case a quorum was present for the meeting.
We must not lose sight of the fact that in this case appellant was seeking an exception and it was incumbent upon her to obtain four favorable votes from the board. This she failed to do and the board was correct in refusing to grant her an “exceptional use.”
We turn next to the issue of whether the evidence was sufficient to support the adverse decision of the board. At the beginning of the hearing it was stated by a member of the board that the proposed store was to be located on a lot situated between a washateria and a Seven-Eleven store, the latter being authorized to sell beer. The plans for the building to be constructed had been approved by the planning commission as conforming to the building requirements of the zoning ordinance. Numerous persons who claimed to own property in the residential section near or adjoining the area zoned as B-l attended the hearing and voiced opinions as to the detrimental effects which location *377 of a package liquor store would have on the value of the property, the safety and morals of their teenage children, and the increase in the danger to persons using the streets in the business area.
Persons who objected to the granting of the exception pointed out there was a howling alley and a skating rink in the vicinity of the proposed store and that their children and grandchildren attending these places would have to pass the liquor store enroute to these establishments.
We find the evidence before the board was sufficient to support its findings. Accordingly, the judgment of the lower court is affirmed at appellant’s cost.