**DISTRICT OF COLUMBIA, et al., Appellants,**

v.

**William A. KONEK, Appellee.**

No. 83–889.

District of Columbia Court of Appeals.

Argued May 9, 1984.

Decided June 27, 1984.

Gary S. Freeman, Asst. Corp. Counsel, Washington, D.C., with whom Inez Smith Reid, Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Edward E. Schwab, Asst. Corp. Counsel, Washington, D.C., were on the brief, for appellants.

James W. Pressler, Jr., Washington, D.C., for appellee.

Before PRYOR and TERRY, Associate Judges, and REILLY, Chief Judge, Retired.

PER CURIAM:

Appellant, the District of Columbia, asserts that error attended the trial court's order vacating a decision of the Metropolitan Police Department Police Trial Board (Trial Board) on the ground that only two of three Trial Board members participated in preparing the findings of fact and conclusions of law supporting the decision. We reverse and remand to the trial court.

Appellee, William Konek, was charged by the Police Department with violating two administrative regulations governing the conduct of police officers. Following a full administrative hearing, the Trial Board failed to issue findings and conclusions but nevertheless concluded that Konek was guilty of the charges and unanimously recommended his removal from the police force. Subsequently, the trial court concluded that the absence of findings of fact and conclusions of law deprived Konek of due process. The court remanded the case, directing the Trial Board to render findings and conclusions.

The Trial Board complied and filed its findings and conclusions with the court on September 22, 1981, determining that Konek's guilt was clearly established and recommending that he should be removed from the force. However, only two of the three Trial Board members participated in drafting the findings because one of them—Captain Mazur—retired before the case was remanded. Konek opposed the findings, claiming that Captain Mazur's absence made them defective. The court agreed and on February 16, 1982, ordered that if the Captain was willing, the entire record should be sent to him for review, affording him the opportunity to concur in the findings and conclusions as drafted. In the event Captain Mazur was unable to participate, the court agreed to determine whether the case could be decided on the record without commencing a new Trial Board proceeding.

When Captain Mazur failed to complete his review of the record by September 1982, Konek filed a motion for judgment. The court granted the motion, concluding that appellant's "inexcusable delay in complying with [its] order of February 16, 1982, deprived [Konek] of his due process rights." The court vacated Konek's termination and awarded him actual damages (including attorney fees and expenses) resulting from the delay.[1]

The court erred in ruling that the Trial Board's decision to terminate Konek was flawed because only two of three members participated in preparing the findings and conclusions. Absent statutory restrictions, the general rule is that a majority of a collective body constitutes a quorum, and a majority of the quorum is empowered to act for the body. *See, e.g., Federal Trade Commission v. Flotill Products, Inc.*, 389 U.S. 179, 88 S.Ct. 401, 19 L.Ed.2d 398 (1967); *Kaiser v. Real Estate Commissioner of the District of Columbia*, 155 A.2d 715 (D.C.1959), *aff'd sub nom. Kaiser v. Adams*, 108 U.S.App.D.C. 94, 280 F.2d 642 (1960).

The statute establishing Trial Boards authorizes the Mayor to determine the number and character of their membership. D.C.Code § 4–118 (1981). Pursuant to this authority, the Mayor has directed that a Trial Board panel consist of three members of the police department with the rank of Captain or higher. Reorganization Order No. 48, D.C.Code Title 1, Administrative Appendix (1973). The implementing regulations provide only that a majority of the board members must agree to a finding of guilty or not guilty. The regulations specify that the vote need not be unanimous.[2] MPD HANDBOOK FOR TRIAL BOARD MEMBERS, Ch. II(A)(14)(b).

Here, a quorum of the Trial Board participated in preparing the findings and conclusions. Had Captain Mazur disagreed with these findings, his recourse would have been to file a concurring or dissenting opinion.[3] Moreover, all three Trial Board members had originally recommended Konek's termination. In this context, we detect no procedural irregularities in the Trial Board's practices and reverse the court's order vacating its decision. We remand the case to the trial court with instructions to determine whether the Trial Board's decision was supported by substantial evidence. *Kegley v. District of Columbia*, 440 A.2d 1013 (D.C.1982).[4]

*So ordered.*

1. While several ancillary questions remain unresolved in this case, we are of the opinion that the trial court's order, vacating Konek's termination and awarding damages and costs is sufficiently "final" for purposes of judicial review. D.C.Code § 11–721(a)(1) (1981).

2. Many of the authorities cited by Konek stand for the proposition that an agency is bound to follow its own regulations. We have no quarrel with this general requirement but conclude that it was not violated here. The regulations require all board members to attend hearings and sign the Trial Board's findings and recommended penalty. Here, all three members conducted the hearing, and although only two members signed the findings and recommended penalty, the absence of the third member's signature was due to his intervening retirement. Absence of this third signature was plainly not a fatal flaw since the regulations recognize the principle of majority rule. Moreover, the common law principle of quorum is implicit, permitting a Trial Board to act when one of its members is absent. Otherwise the death or retirement of any member would necessitate a rehearing *de novo*. We, therefore, refuse to infer such a requirement in the absence of specific statutory language.

3. This assumes, of course, that Captain Mazur could lawfully have participated in the deicison process after he had retired from the department. We need not address the accuracy of this assumption.

4. We further conclude that the relief ordered by the trial court was inappropriate. The only relief to which Konek would have been entitled was a remand to the Trial Board, permitting it to employ proper procedures. *See District of Columbia v. Gray*, 452 A.2d 962 (D.C.1982).