**239 A.2d 729.**

EMILY CODERRE *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF PAWTUCKET.

MARCH 20, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is a petition for a writ of certiorari which seeks to quash a decision of the respondent board granting a variance thereby permitting the construction of an ice-cream manufacturing plant on an approximately 4,000-

square-foot tract of unoccupied, filled land in a residential two-family district. The writ issued and in compliance with its mandate the pertinent records were duly certified to this court.

On our examination thereof, however, we were obliged to conclude that the remonstrating petitioners for certiorari could not obtain the judicial review secured to them by the mandatory provisions of G. L. 1956, §45-24-20. This was so because the board's decision was conclusional without pointing to those factual circumstances upon which it presumably relied in justification of its decision. In brief, the decision failed utterly to comply with the standards first enunciated by this court in *Robinson* v. *Town Council*, 60 R. I. 422, 199 Atl. 308, and consistently adhered to in a long line of decisions.

As a consequence, we remanded the records to the board with directions to clarify and complete its decision in accordance with the guidelines explicitly set forth and reported in *Coderre* v. *Zoning Board of Review*, 102 R. I. 327, 230 A.2d 247. Our mandate further provided that the board "* * * may also, if it sees fit, supplement the summary of the hearing. Jurisdiction is retained in this court to review any decision that may be subsequently entered, and it may be invoked by either party within 30 days after the filing of a new decision in the office of the board."

The decision of the board thus remanded had been rendered December 20, 1966, and the opinion of this court remanding the board's decision for clarification and completion, together with the record for supplementation if deemed to be advisable, was filed June 9, 1967. Without receiving additional evidence or otherwise supplementing the record, the board on July 6, 1967, purported to clarify and complete its December 20, 1966 decision. In so doing, it referred in detail to the testimony of a real estate expert that requiring applicants to conform to the terms of the

ordinance would result in unnecessary hardship; and it also referred to observations made by the board when it viewed the premises on two occasions. This testimony and both views were included in the record on which the December 20, 1966 decision was grounded.

However, on April 10, 1967, at which time a review of the December 20, 1966 decision was pending in this court, a regular member of the board who had participated in the December 20, 1966 decision and the hearing during which the evidence adduced in support of that decision had been held, was replaced by the alternate member, said regular member having resigned, and a new alternate member was appointed to the board. Thus, on July 6, 1967, when consideration on our remand was had, the composition of the board had changed.

In *Kent* v. *Zoning Board of Review*, 102 R. I. 258, 229 A.2d 769, where four members of the board voted to grant a variance, but the chairman who had participated throughout refrained from voting, we held that the decision of the board was illegal for the reason that an application to a board of review for any relief that such a board is vested with jurisdiction to grant, must be heard, considered and acted upon by all five members before whom the evidence in support of the application was adduced. In *Kent*, we reviewed prior decisions of this court, the rationale of which led us to the conclusion that the affirmative vote of four members, with the fifth member abstaining, was jurisdictionally fatal.

Further, in *Migliaccio* v. *Zoning Board of Review*, 100 R. I. 626, 218 A.2d 473, we held inferentially, and now categorically declare, that where there has been a change in the composition of a board of review made subsequent to the rendering of a decision which this court remands for clarification, completion and/or supplementation of the record on which the decision was based, a hearing de novo on the

application for relief is a jurisdictional condition precedent to a valid decision. It follows, in the instant case, that since only four members of the board participating in the decision remanded were qualified to pass on the record on which the grant of a variance herein sought to be reviewed is predicated, the purportedly clarified and completed decision lacks validity in that it is not grounded on evidence adduced before and passed upon by five participating members. We hold that there having been a change in the composition of the board intervening between its decision and our remand, it was the obligation of the board as newly constituted to consider the case de novo.

The petition for certiorari is granted, the decision of the board is quashed without prejudice to the applicants to have their application considered de novo, and the records certified are ordered returned to the respondent board with our decision endorsed thereon.

*William J. Burke, Jr.,* for petitioners.

*Woolley, Blais & Quinn, Henry J. Blais, III, Matthew C. Cunningham, Gerald J. Pouliot,* Assistant City Solicitor, for respondent.