DECISION
This is an appeal from a decision of the city of Pawtucket Zoning Board of Review (Zoning Board). The plaintiffs seek reversal of the zoning board's decision of May 16, 1995. In its decision, the zoning board amended its findings to acknowledge Planning Commission approval for the defendant's sub-division petition and incorporated by reference its earlier decision which approved a dimensional variance for the construction of three, connected town houses. Jurisdiction in this court is pursuant to G.L. 1956 (1991 Reenactment) § 45-24-69.
Facts/Travel
The Pawtucket Redevelopment Agency (PRA) owns real property located on Branch Street in Pawtucket, Rhode Island. The property consists of Lots 41, 46, 58, 59, 60 and 61 on Assessors Plat 6. In 1991 Omni Development Corp., representing PRA, requested a dimensional variance. Foisy v. Goulet, C.A. No. 94-3316, Dec. 1, 1994, Sheehan, J. at 1. The variance granted relief from side-yard and set-back requirements. Id. The zoning board granted the dimensional variance on April 4, 1991. Id.
The PRA intended to construct three twenty seven foot and six inch by sixty foot and nine inch buildings which would each contain three individually owned town houses. Id. at 2. The three buildings would be connected and extend across two contiguous lots, totalling over 20,000 square feet in area. Id. The PRA never went forward with construction and allowed the dimensional variance to lapse. Id.
On March 14, 1994 Louis Vaillancourt Associates and the PRA sought to reactivate the lapsed variance. Id. Stephen and Debra Foisy (plaintiffs) objected to the defendants' petition. The plaintiffs own real property located at 48-50 Branch Street on lot 45, which abuts PRA's lots 41 and 46. The Zoning Board granted the defendant's petition for a dimensional variance on April 26, 1994. The plaintiffs appealed the Zoning Board's decision to this Court.
This Court remanded the case back to the zoning board finding that "the Board rendered its decision without proper jurisdiction." Id. at 11. The Zoning Board did not "determine that the defendants received subdivision approval." Id. at 10. This court instructed the Zoning Board "to hear the sole issue of subdivision approval, notify all interested parties of said hearing, hear any objections thereto, and amend its findings and decision as needed." Id. at 11.
The Zoning Board heard the remanded case, on March 28, April 4, and April 25, 1995. In a written decision issued May 16, 1995 the Zoning Board amended its findings to acknowledge Planning Commission approval for the defendants' sub-division petition. The Zoning Board also incorporated, by reference, its earlier decision granting a dimensional variance to the defendants. In the interval between the first hearing before the Zoning Board and the second hearing on remand, the composition of the Zoning Board had changed. Only one member of the current Zoning Board was present for the initial hearing on April 26, 1994.
The plaintiffs filed a timely appeal from the Zoning Board's decision to this court. On appeal plaintiffs argue that: (1) the Zoning Board must hear the matter on a de novo proceeding because the composition of the Board changed in the interval between the first hearing and the second hearing; (2) the Planning Commission improperly approved an incomplete subdivision application; (3) the plaintiffs never received notice of the Planning Commission's hearing. The defendants argue that a de novo hearing is not appropriate because the Zoning Board was only instructed to address the narrow issue of sub-division approval.
Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69(D) which provides:
 "45-24-69. Appeals to Superior Court
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d at 824-25). On review, the Supreme Court examines the record to determine whether "competent evidence" supports the Superior Court judge's decision. R.J.E.P.Associates v. Hellewell, 560 A.2d 353, 354 (R.I. 1989).
Composition of the Board
The plaintiffs assert that because only one member of the Zoning Board was present for both the initial hearing and the subsequent hearing on remand, the Zoning Board must decide the matter de novo. The defendants respond that this court remanded only the narrow issue of sub-division approval for consideration by the zoning board. The defendants further contend that a de novo hearing was not appropriate because the zoning board's decision on the issue of sub-division approval did not require a clarification or addition to the record.
"Where there has been a change in the composition of a board of review made subsequent to the rendering of a decision which this court remands for clarification, completion and/or supplementation of the record on which the decision was based, a hearing de novo on the application for relief is a jurisdictional condition to a valid decision." Coderre v. Zoning Board ofReview, 239 A.2d 729, 730 (R.I. 1968). It is "the obligation of the board as newly constituted to consider the case de novo." Id. at 731. More recently, the Rhode Island Supreme Court reaffirmed its approval of Coderre's holding. See Ryan v. Zoning Board ofReview of New Shoreham, 656 A.2d 612, 614 (R.I. 1995). In Ryan
the Superior Court remanded the case to the zoning board "which because of its changed membership required a hearing de novo."Id.
A "clarified and completed decision lacks validity . . . . [if] it is not grounded on evidence adduced before and passed upon by [all] five participating members." Coderre, 239 A.2d at 730. A newly constituted board never gets the opportunity to "adduce the evidence" unless a de novo hearing is held.
In the case at bar, the Zoning Board changed in composition in the interval between the first hearing and the second hearing on remand. Members Goulet, Kolek, Mangione, Sullivan and Montalbano are listed as present and voting in the first hearing. Decision of Pawtucket Zoning Board of Review, May 26, 1994. The second hearing on remand lists Sullivan, Fine, Allen, McConaghy and Gannon as members present and voting. Decision of Pawtucket Zoning Board of Review, May 16, 1995. A significant change in Zoning Board membership took place, as only one member remained from the first meeting.
When this court remanded the matter back to the Zoning Board, this Court instructed the Zoning Board to conduct a hearing, hear any objections, and "amend its findings" as needed. A hearing with objections encompasses additions to the record. Furthermore, the Zoning Board amended its findings to reflect the Planning Commission's approval of the defendants' subdivision petition. Such findings constitute a clarification of the record. This Court, in its previous decision for the case at bar said, "[n]owhere in the hearing transcript nor in the record is there evidence indicating that the defendants sought or received subdivision approval prior to the hearing before the Board in 1994." Foisy, C.A. No. 94-3316, at 10. The above statement envisions that once the Zoning Board makes a finding of subdivision approval it is to be considered part of the record.
If the Zoning Board had not changed membership in the interval period, they would have been able to confine their inquiry to the issue of subdivision approval. However, that was not the case. The Zoning Board underwent a change in membership in the interval period and the remanded matter entailed clarifications and additions to the record. Under the principles enunciated in Coderre, the Zoning Board must hold a hearing de novo on the defendants' petition for a dimensional variance. This Court need not consider plaintiffs' other appellate contentions.
Accordingly, after reviewing the entire record, this Court remands this case to the Pawtucket Zoning Board of Review for a de novo hearing on the defendants' petition for a dimensional variance.
Counsel shall submit the appropriate order for entry.