[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court is an appeal by Thomas A. Veronneau, Sharon B. Veronneau, Alfred E. McCooey, and Maria A. McCooey (Plaintiffs) of a decision of the Town of Cumberland Zoning Board, sitting as the Board of Appeals (Zoning Board). Plaintiffs bring this action to determine whether the Zoning Board properly denied their appeal of a decision of the Town of Cumberland Planning Board (Planning Board). This Court has twice remanded this case for a written decision meeting the specifications of the Town of Cumberland Code of Ordinances (Code of Ordinances) and Rhode Island General Laws (General Laws). Jurisdiction in this Court is pursuant to G.L. 1956 § 45-23-71.
 FACTS AND TRAVEL
The facts remain the same from the prior two times this matter has been before this Court. The Defendant landowner, Womantam, LLC (Womantam), owns a parcel of land located at Assessor's Plat 42, Lot 16 on the extension of Womantam Lane (property) in the Town of Cumberland, Rhode Island (Cumberland). On April 28, 2000, Womantam applied to the Planning Board to subdivide the property into four lots. More specifically, Womantam sought approval for a four-lot Residential Development Cluster (RDC) for the property. An RDC permits the municipality to grant development proposals that would not usually meet minimum lot sizes, set backs, and density requirements in return for the developer's grant of a portion of the site "for recreation, common open space, and/or preservation of environmentally, historically, culturally, or other sensitive features and/or structures." Section 45-24-31(13).
Hearings for the proposed development before the Planning Board were held on October 25, 2000, and November 29, 2000. Public hearings were then held on February 28, 2001, April 25, 2001, and May 30, 2001. Plaintiff Alfred E. McCooey was present at the February 28, 2001 meeting, Plaintiffs Thomas A. Veronneau and Mr. McCooey were present at the May 30, 2001 meeting,[1] and they both testified before the Planning Board as to their concerns regarding the proposed development of the property. At the May 30, 2001, meeting, the Planning Board granted preliminary approval to the subdivision of the property. Plaintiffs appealed to the Zoning Board, and on September 12, 2001, the Zoning Board granted Plaintiffs' appeal and remanded the decision to the Planning Board for clarification of their preliminary approval. Specifically, the Zoning Board noted that it was not satisfied that there had been a sufficient distinction between the conforming subdivision plan and the cluster subdivision plan presented to and voted on by the Planning Board.
The Planning Board met to clarify its vote on October 30, 2001, and again granted preliminary approval to the subdivision. Plaintiffs again appealed to the Zoning Board. The Zoning Board denied the appeal on February 5, 2002, and Plaintiffs appealed that decision to this Court. In February 2003 this Court remanded the case to the Zoning Board because the record did not contain a written decision meeting the specifications of the Code of Ordinances. This Court noted that the record contained no written decision of either the Planning Board or the Zoning Board, and remanded the record. See Veronneau v. Cumberland Planning Bd. ofAppeals, C.A. No. 02-1150, 2003 R.I. Super. LEXIS 34 (Feb. 27, 2003) (hereinafter Veronneau I). The Zoning Board then issued a written decision, and on October 21, 2003, this Court again remanded the matter for the Zoning Board to remand it to the Planning Board to issue a written decision, which the Zoning Board would "then review before issuing its written decision." Veronneau v. Cumberland Planning Bd. ofAppeals, C.A. No. 02-1150, 2003 R.I. Super. LEXIS 132, at *1 (Oct. 21, 2003) (hereinafter Veronneau II). On remand, the Planning Board issued a written decision, and Plaintiffs bring this matter again before this Court.
 STANDARD OF REVIEW
When this Court reviews decisions of a Zoning Board sitting as an appellate authority on planning board decisions, the standard review is articulated in § 45-23-71(c). Section 45-23-71(c) states:
 "The court shall not substitute its judgment for that of the planning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the board of appeal or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory, ordinance or planning board regulations provisions;
 (2) In excess of the authority granted to the planning board by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
"The Superior Court does not consider the credibility of witnesses, weigh the evidence, or make its own findings of fact." Munroe v. Town of E.Greenwich, 733 A.2d 703, 705 (R.I. 1999). This Court, therefore, does not conduct a de novo review, but instead "is limited to a search of the record to determine if there is any competent evidence upon which the agency's decision rests." Restivo v. Lynch, 707 A.2d 663, 665 (R.I. 1998) (quoting E. Grossman Sons, Inc. v. Rocha, 118 R.I. 276, 285-86,373 A.2d 496, 501 (1977)) . Competent evidence is "any evidence that is not incompetent by reason of being devoid of probative force as to the pertinent issues. Zimarino v. Zoning Bd. of Review, 95 R.I. 383, 386,187 A.2d 259, 261 (1963). "When the board fails to state findings of fact, the court will not search the record for supporting evidence or decide for itself what is proper in the circumstances." Irish P'ship v.Rommel, 518 A.2d 356, 359 (R.I. 1986). In such circumstances, it is proper for the Court to remand the matter to the Zoning Board for further proceedings. Section 45-23-71(c).
 THE INADEQUATE RECORD
Plaintiffs argue that the Planning Board and Zoning Board's approval is "fatally flawed" because it does not contain sufficient specific findings to support approval of a RCD. Additionally, Plaintiffs contend that the decision of the Planning Board was not dated and not filed with the Cumberland Town Clerk. Defendants respond that the Planning Board and Zoning Board have issued the written decisions requested by this Court inVeronneau I and Veronneau II, and that a sufficient record exists for this Court to render a decision denying Plaintiffs' appeal.
All minor land development projects and subdivisions must go through two stages of review: preliminary and final. Section 45-23-38(a); App. A, § 2.1 of the Code of Ordinances. If a street creation or extension is involved, a public hearing will be required, as well. Section 45-23-38(a); App. A, § 2.1. Prior to approval, and "as part of the proposed project's record," § 45-23-60(a) states that "the approving authorities . . . shall address each of the general purposes stated in § 45-23-30 and make positive findings" that
 "(1) The proposed development is consistent with the comprehensive community plan and/or has satisfactorily addressed the issues where there may be inconsistencies;
 (2) the proposed development is in compliance with the standards and provisions of the municipality's zoning ordinance;
 (3) There will be no significant negative environmental impacts from the proposed development as shown on the final plan, with all required conditions for approval;
 (4) The subdivision, as proposed will not result in the creation of individual lots with any physical constraints to development that building on those lots according to pertinent regulations and building standards would be impracticable. . . . Lots with physical constraints to development may be created only if identified as permanent open space or permanently reserved for a public purpose on the approved, recorded plans; and
 (5) All proposed land developments and all subdivision lots have adequate and permanent physical access to a public street. Lot frontage on a public street without physical access shall not be considered in compliance with this requirement." Section 45-23-60(a); see App. A, § 1.19 of the Code of Ordinances.
Furthermore, "[e]xcept for administrative subdivisions, findings of fact must be supported by legally competent evidence on the record which discloses the nature and character of the observations upon which the fact finders acted." Section 45-23-60(b). All records of decisions of the Planning Board "shall be written and kept permanently available for public review" Section 45-23-63(a).
After the Planning Board has issued its decision, an aggrieved party may appeal to the town's board of appeals. Sections 45-23-66 and45-23-67(a). In Cumberland, the Zoning Board serves as the board of appeals and hears appeals from the Planning Board. App. A, § 10.1 of the Code of Ordinances. An "appeal must be taken within twenty (20) days after the decision has been filed and posted in the office of the city or town clerk." Section 45-23-67(a). "[T]he board of appeal shall not substitute its own judgment for that of the planning board . . . but must consider the issue upon the findings and record of the planning board. . . ." Section 45-23-70(a); App. A, § 10.4(a) of the Code of Ordinances. Further, "[t]he board of appeal shall keep complete records of all proceedings including a record of all votes taken, and shall put alldecisions on appeals in writing. The board of appeal shall include in thewritten record the reasons for each decision." Section 45-23-70(d) (emphasis added); App. A, § 10.4(d) of the Code of Ordinances. Section 9-9(d) of Appendix B of the Code of Ordinances requires that "[a]ll decisions and records of the [Zoning Board] respecting appeals shall conform to the provisions of sections 9-7(f) [Voting] and 9-7(i) [Decisions and Records of the Zoning Board of Review] of this appendix." Section 9-7(i) requires that the Zoning Board on appeal:
 "include in its decision all findings of facts and conditions, showing the vote of each member participating thereon. . . . Decisions shall be recorded and filed in the office of the Building Official within ten working days from the date when the decision was rendered, and shall be a public record. The board shall keep written minutes of its proceedings, showing the vote of each member upon each question, . . . and shall keep records of its examinations, findings of fact, and other official actions, all of which shall be recorded and filed in the office of the building official in an expeditious manner upon completion of the proceeding. For any proceeding in which the right of appeal lies to the superior or supreme court, the board shall have the minutes taken either by a competent stenographer or recorded by a soundrecording device.
 Any decision by the board . . . shall be mailed to the applicant, to the planning board, and to the associate director of the division of planning of the state department of administration. . . ." (Emphasis added.)
Once the Zoning Board, sitting as the Planning Board of Appeals, files and posts its decision with the town clerk, the aggrieved party can appeal that decision to the Superior Court. App. B, § 9-11 of the Code of Ordinances; § 45-23-71. The Court reviews the record without a jury, considering the record of the hearing before the board. Section45-23-71(b). After examining the record, the Superior Court may affirm, remand, or reverse or modify the decision of the Planning Board. Id. The Superior Court will give deference to an agency's interpretation of a statute "that it has been charged with administering and enforcing, provided that the agency's construction is neither clearly erroneous nor unauthorized." Arnold v. R.I. Dep't of Labor Training Bd. of Review,822 A.2d 164, 169 (R.I. 2003).
In the instant matter, only after this Court remanded the case twice did written decisions of both the Planning Board and the Zoning Board appear before this Court. In Veronneau I, this Court was presented with the transcripts of the hearings and the minutes of the meetings. 2003 R.I. Super. LEXIS 34, at *7. This Court noted the insufficient record, stating that both the Code of Ordinances and the General Laws required written decisions. Id. at *5-7. Additionally, this Court noted that because "this court will not search the record for supporting evidence or decide for itself what is proper in the circumstances," the proper recourse was to remand the case to the Zoning Board for issuance of a decision in accordance with the Code of Ordinances and General Laws. Id.
at *7-8.
After remand, Defendants presented the same minutes and transcripts, along with a Zoning Board written decision in Veronneau II.[2] 2003 R.I. Super. LEXIS 132, at *9. In Veronneau II, this Court examined the decision of the Zoning Board and found that the Zoning Board did not review the findings of the Planning Board, as required by § 45-23-60, and that still no written decision of the Planning Board existed in the record. Id. at *9-10. Therefore, this Court remanded the decision to the Zoning Board for it to remand the matter to the Planning Board for a written decision to be then reviewed by the Zoning Board. Id. at *10-11. This matter now appears before this Court with the same Zoning Board decision, more copies of minutes and transcripts of both Planning Board and Zoning Board hearings and meetings, and an undated Planning Board decision signed by the Chairman David Coutu, who was a member of the Planning Board when the matter was first heard. (Def.'s Exs. C-L.)[3]
Defendants contend that Plaintiffs have had ample opportunity to be heard and have sufficiently established their objections on the record. Therefore, Defendants contend, this Court should decide the case on the merits and deny Plaintiffs' appeal. Plaintiffs contend that the record is still devoid of specific findings that Defendants met all of the procedural requirements for a RCD, and that the newly presented decision of the Planning Board is fatally flawed. The "basic requirements [of Requiring the Planning Board and Zoning Board to reduce decisions to writing, setting out findings of fact and conclusions of law] `have to do with facilitating judicial review, avoiding judicial usurpation of administrative functions, assuring more careful administrative consideration, helping parties plan their cases for rehearings and judicial review, and keeping agencies within their jurisdiction. Cullenv. Town Council, 850 A.2d 900, 904 (R.I. 2004) (quoting Hooper v.Goldstein, 104 R.I. 32, 44, 241 A.2d 808, 815 (1968)). "The absence of such findings and conclusions precludes judicial review of a council's [or board's] decision." Id. (citing Cranston Print Works Co. v. City ofCranston, 684 A.2d 689, 691 (R.I. 1996)).
Without "sufficient factual findings" in the written decisions of the Zoning Board and Planning Board, as required by both the General Laws and the Code of Ordinances, this Court does not have enough of a record to perform adequate judicial review or to determine whether this case is appropriately before this Court. Cullen, 850 A.2d at 904 (stating sufficient findings of fact required for reviewing court to see how evidentiary conflicts were resolved). This Court does not have the responsibility to decide what relief is proper based on the record alone. This Court's review is limited to ensuring that factual findings of the Planning Board and Zoning Board are supported by the record, and that the conclusions of law are correct based on the factual findings.Irish P'ship, 518 A.2d at 358-59. Without sufficient findings, this Court will not search the record for reasons justifying the Zoning Board's decision. See id. at 359.
This Court notes, for the third time, that § 45-23-63(a) requires that "all records of the planning board proceedings and decisions shall be written and kept permanently available for public review." Additionally, decisions of the Zoning Board reviewing decisions of the Planning Board must also be in writing, § 45-23-70(d), and the Zoning Board's decision must be recorded and posted with the town clerk, § 45-23-71(a). InVeronneau II, this Court remanded this case "to the [Zoning Board] for the issuance of a written decision that reviews that written decision of the Planning Board, after remand to the Planning Board." 2003 R.I. Super. LEXIS 132, at *10. In Veronneau II, this Court noted that Plaintiffs had been "informed that it was not the practice in Cumberland to file Planning Board decisions with the town clerk," as required by the General Laws. 2003 R.I. Super. LEXIS 132, at *8; see § 45-23-67(a) (stating "appeal must be taken within twenty (20) days after the decision has been filed and posted in the office of the city or town clerk" (emphasis added)). The Zoning Board and Planning Board are obligated to interpret and follow the Code of Ordinances and the General Laws. This Court will give deference to an agency's interpretation of rules and statutes the agency is in charge of enforcing, unless the agency is clearly erroneous. Arnold, 822 A.2d at 169.
Defendants still have not presented this Court with sufficient decisions of either the Planning Board or Zoning Board. When a municipal board acts in a quasi-judicial capacity, the board "must set forth in its decision findings of fact and reasons for the action taken." IrishP'ship, 518 A.2d at 358; see Cullen, 850 A.2d at 904. Such "[f]indings made by a zoning board `must, of course, be factual rather than conclusional, and the application of the legal principles must be something more than the recital of a litany.'" Sciacca v. Caruso,769 A.2d 578, 585 (R.I. 2001) (quoting Irish P'ship, 518 A.2d at 358-59).
This Court is concerned with the content, rather than the form, of a decision in determining whether the municipal body has complied with the basic requirements of making findings of fact and conclusions of law to support their decisions. Cullen, 850 A.2d at 904 (citing May-Day RealtyCorp. v. Bd. of Appeals, 107 R.I. 235, 239, 267 A.2d 400, 403 (1970)). What is required, however, in any decision of the municipal body is findings of fact and application of legal principles in a way so this Court may review the decision with an understanding of the manner in which evidentiary conflicts were resolved and the provisions of the Code of Ordinances applied. See id. (quoting Thorpe v. Zoning Bd. of Review,492 A.2d 1236, 1237 (R.I. 1985)).
In Veronneau II, the decision of the Zoning Board was criticized for not reviewing the findings of the Planning Board. 2003 R.I. Super. LEXIS 132, at *7. At that time, this Court did not discuss what it found to be lacking in the Zoning Board's decision. Therefore, this Court will now discuss some of the inadequacies of the decision. The Zoning Board decision lists the names of the individuals who testified and argued before the Planning Board and states that the Planning Board routinely grants relief to design requirements, including "(a) The 2.5 — 1 depth to width ratio of configured lots; (b) The angle of side lot lines meeting the street center lines at less that [sic] 16 degrees[; and] (c) 
interior lot angles in excess of 90 degrees." The Zoning Board decision also notes that the Planning Board "duly" considered "the evidence and record before it," and that the Planning Board took "into consideration the statutory Standards to be applied upon appeal." The Zoning Board found that "[n]o error was made by the Planning Board," and "[t]hat the Petition would meet the criteria for a four lot subdivision." These statements of the Zoning Board, however, are mere conclusions that do not include factual determinations or appropriate legal principles that this Court may reasonably use to determine the manner in which the board has resolved evidentiary conflicts. See Cranston Print Works Co.,684 A.2d at 691. Plaintiffs appealed to the Zoning Board to determine whether Defendants met their burden of demonstrating that the proposed subdivision could meet conventional subdivision standards before proposing the RCD. (Tr. of Zoning Board, Feb. 5, 2002, Def.'s Ex. H at 4.) The Zoning Board decision does not even refer to what Plaintiffs were seeking on appeal, and does not make the requisite positive findings required for a grant of a RCD under Section 6-3(f)(3)(a) of Appendix B of the Code of Ordinances. See App. B, § 6-3(f)(3)(a) of the Code of Ordinances (requiring that a RCD cannot be initiated until "a plan of same has been submitted to the planning board, together with a plan of subdivision meeting the requirements of . . . the subdivision regulations without the benefit of any cluster technique"). Further, this Court notes an error in the Zoning Board's decision; the design requirements for subdivisions are that the angle of side lot lines should be 60, not 16, degrees. See Schedule A, § 4.5 of the Code of Ordinances. This Court notes that in the transcript of the hearing, there are numerous references using "16" degrees; however, this Court points out that "16" and "60" sound similar when a phonetic transcription is being completed. (E.g., Tr. of Planning Board, Oct. 30, 2001, Def.'s Ex. C at 7-9; Tr. of Zoning Board, Feb. 5, 2002, Def.'s Ex. H at 7.) Additionally, the Zoning Board never reviewed the written decision of the Planning Board, as requested by this Court in Veronneau II. See 2003 R.I. Super. LEXIS 132, at 10.
Although the insufficient Zoning Board decision is enough for this Court to remand the decision to the Zoning Board, this Court will also address the sufficiency of the Planning Board decision to ease the likely event of further judicial review of this case. Plaintiffs contend that this decision is "fatally flawed" because, among other reasons, it was never filed with the Cumberland Town Clerk as required by § 45-23-67(a), the decision was signed by the Chairman of the board at the time of remand — a member of the original Planning Board that heard the arguments — and the decision was never presented to the current Planning Board for a vote. Defendants respond that the decision was filed with Cumberland and this Court according to the Rhode Island Enabling Act [§§ 45-24-27 to45-24-72], but do not specifically state whether the decision was filed properly.
The Planning Board decision presented to this Court is undated and signed by the Chair of the Planning Board in 2003, when the matter was remanded to the Planning Board. (Decision of Planning Board, Def.'s Ex. L.) The reasons stated by the Planning Board in its decision are
 "the plans submitted . . . substantiate approval of the application because the regulations regarding the RCD have been satisfied by the Petitioner . . . [t]he proposed development is consistent with the Cumberland Comprehensive Plan . . . [t]he proposed development is in compliance with the standards and provisions of the Cumberland Zoning Ordinance . . . [t]here will be no significant negative environmental or drainage impacts . . . [t]he subdivision as proposed will not result in the creation of individual lots with such physical constraints to development that building on those lots according to pertinent regulations and building standards would be impracticable . . . [and] [a]ll of the proposed subdivision lots have adequate and permanent physical access to a public street." (Decision of Planning Board, Def.'s Ex. L.)
In its "Findings of Fact," the Planning Board includes its "conclusions" in its "Findings of Fact" and additionally states that:
 "(3) The explanation of the proposal given by [Defendants] was detailed, substantial and credible.
 (4) The argument in opposition to the appeal given by [Plaintiffs' Attorney] was detailed and substantial.
 (5) The Board finds that [Defendants have] adequately addressed the concerns presented by [Plaintiffs] and [have] satisfied the requirements of the Regulations." (Decision of Planning Board, Def.'s Ex. L.)
The conclusions are a recitation of the standard of review language, and the "Findings of Fact" do not give enough facts to back up the legal conclusions of the statutory language. The Planning Board must provide specific factual findings, beyond boilerplate statutory language, in order for this Court to properly assess an appeal. See von Bernuth v. ZoningBd. of Review, 770 A.2d 396, 401 (R.I. 2001) (noting decisions must amount to more than a recital of litany). "Decisions [should] . . . address the evidence in the record before the board that either meets or fails to satisfy each of the legal preconditions for granting [variance] relief, as set forth in § 45-24-41 (c) and (d)." Id. at 402 (citingSciacca, 769 A.2d at 585). Essentially, the Planning Board's decision is a boilerplate decision because its "Findings of Fact" and conclusions are merely restatements of § 45-23-60 and Appendix A, § 1.19 of the Code of Ordinances, with very few additional facts on which the Planning Board based its findings. (Compare Decision of Planning Board, Def.'s Ex. Lwith § 45-23-60, and App. A, § 1.19 of the Code of Ordinances.) As such, the Planning Board's decision is inadequate.
This Court would also like to point out the numerous deficiencies contained in the record for this matter. When a case appears before the Superior Court, § 45-23-71 requires the Zoning Board to file "the original documents acted upon by it and constituting the record of the case appealed from, or certified copies . . ., together with any other facts that may be pertinent, with the clerk of the court. . . ." These records must be complete, and this Court should not have to sift through the record to determine the relevant documents. The record presented before this Court is wholly inadequate. In addition to the lack of proper Zoning Board and Planning Board decisions, a large number of omissions and discrepancies exist in the exhibits presented to this Court.[4]
Faced with an inadequate record and insufficient decisions, this Court can "remand the case [to the Zoning Board] for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced. . . ." Section 45-23-71(c). "If this Court were satisfied that a municipal body intentionally failed to include factual findings or legal conclusions to delay review of its decision, [this Court] would consider reversing the decision and granting the relief sought by the aggrieved party rather than remanding the case for proper development of the record." Cullen, 850 A.2d at 906 n. 6. Additionally, a remand for further proceedings "should not be exercised in such circumstances as to allow [parties] another opportunity to present a case when the evidence presented initially is inadequate." Roger WilliamsCollege v. Gallison, 572 A.2d 61, 62 (R.I. 1990). The remand "should be based upon a genuine defect in the proceedings in the first instance, which defect was not the fault of the parties seeking remand. . . ." Id.
In determining whether a remand is appropriate, this Court must decide whether Defendants presented adequate evidence to the Planning Board in the first instance to support their request for a subdivision and, if not, whether any defects in that proceeding precluded Defendants and Plaintiffs from presenting their case. In reviewing the transcripts of the May 30, 2001 and October 30, 2001 hearings of the Planning Board, and the September 12, 2001 and February 5, 2002 hearings of the Zoning Board, this Court is unclear as to whether Defendants submitted a "plan of subdivision meeting the requirements of . . . the subdivision regulations without the benefit of any cluster technique." App. B, § 6-3(f)(3)(a) of the Code of Ordinances. The Planning Board's motion stated that it was "likely" that Defendants would meet the requirements. (Tr. of Planning Board, Oct. 30, 2001, Def.'s Ex. C at 18). The proper standard is not whether it is "likely" or if the Planning Board believed Defendants would meet the requirements. The Code of Ordinances requires a plan "meeting the requirements," and no specific findings of fact exist in the transcript stating the reasons why Defendants met the requirements. Additionally, confusion surrounded the difference in plans submitted to the Zoning Board on appeal. (Tr. of Zoning Board, Feb. 5, 2002, Def.'s Ex. H at 3, 11-12.) Thus, insufficient evidence exists at this time for this Court to determine whether Defendants presented adequate evidence for a conventional or RCD subdivision.
Thus, this Court is unable to perform judicial review in this matter because the Zoning Board's written decision did not review the findings of the Planning Board, and the undated decision of the Planning Board appears to be conclusionary without sufficient findings of fact to support its conclusions of law. Until the Zoning Board or Planning Board "specifies its factual findings, and connects those findings to legal grounds . . . [this Court is] unable to determine whether the decision must be reversed for error of law." Cullen, 850 A.2d at 905. Thus, this court again remands the matter to the Zoning Board to remand the case to the Planning Board to correct the numerous procedural mishaps and the inadequate record.
Now that this Court has ordered a remand to the Zoning Board for it to remand the case to the Planning Board, this Court now must determine whether the Planning Board must hear the matter de novo. Plaintiffs argue that when the membership of the Planning Board on remand is different from that when the Planning Board originally heard and considered the matter, a de novo hearing is required. Plaintiffs cite Coderre v. ZoningBd., 103 R.I. 575, 239 A.2d 729 (1968) in support of this proposition. In response, Defendants contend that Coderre applies to the Zoning Board, not the Planning Board, and that Coderre should not be extended to apply to the Planning Board because the responsibilities of the two boards differ as to review of the records and application of regulations and laws. Furthermore, Defendants argue that the regulations, Rhode Island Law, the record, and testimony have not changed so that a de novo hearing would result in "a futile delay in an already overdrawn, laborious process for this proposed subdivision approval." (Def.'s Mem. at 7.)
When the members of the Zoning Board on remand after appeal are different from the members that originally heard the case, the Zoning Board must reconsider the matter before a decision may be rendered. Ryanv. Zoning Bd. of Review, 656 A.2d 612, 614 (R.I. 1995) (citing Coderre,
103. R.I. at 577-78, 239 A.2d at 730)); Bellevue Shopping Ctr. Assocs.v. Chase, 556 A.2d 45, 46 (R.I. 1989). The Zoning Board, however, does not have to grant a completely new hearing, as current board members can participate in the remanded decision and issue findings of fact after they review a sufficient transcript of the testimony. See Lombardi v.Kooloian, 560 A.2d 951, 952 (R.I. 1989) (citing Lewandoski v. Vt. StateColleges, 457 A.2d 1384 (Vt. 1983); Vehslage v. Rose Acre Farms, Inc.,474 N.E.2d 1029 (Ind.Ct.App. 1985)). The Zoning Board acts in a quasi-judicial manner when reviewing decisions of the Planning Board.See § 45-23-70(a). Accordingly, the Zoning Board, like the Planning Board, must include in its decision findings of facts to support its conclusions of law. Irish P'ship, 518 A.2d at 358. If, on remand, a differently-composed Zoning Board must reconsider the transcript of the testimony and the evidence presented to the Zoning Board in order to issue its findings of fact, so too must a Planning Board of different composition to issue findings of facts in support of its conclusions of law. See Zammarelli v. Beattie, 459 A.2d 951, 953 (R.I. 1983) (stating obligation of Zoning Board to meet minimal requirements in deciding cases also applies to "any municipal board or agency"). A completely new hearing is not required, however, if the current board members can glean the findings of facts and conclusions of law from the transcript of testimony and any other evidence presented to the Planning Board. SeeLombardi, 560 A.2d at 952. This Court would encourage the Planning Board to hold a new hearing, however, to ensure that the Planning Board will be presented with a conventional subdivision plan meeting all of the Code of Ordinances requirements, and that there is no confusion regarding the actual plan that the Planning Board approves or denies.
Defendants also contend that the Planning Board does not need to hold a hearing de novo because issuing a decision is a mere ministerial act of the Planning Board. Defendants argue that, similar to a ministerial act of the Court in approving a writ of mandamus if all procedural requirements and conditions were met in an agency, the Planning Board can correct its mistake and issue a decision from the record of the full and fair hearing without having a new hearing. Defendants cite Wood v.Lussier, 416 A.2d 690 (R.I. 1980), in support of this proposition. InWood, the Rhode Island Supreme Court noted that issuing a building permit is a ministerial act by the building inspector once a application for the permit has met all building ordinance conditions. Wood, 416 A.2d at 694. Issuing a decision, however, is not like approval of a building permit because the Planning Board must include in its decision findings of fact in support of its conclusions of law. Additionally, due to the insufficiency of the Planning Board's written decision, this Court does not need to address the validity of this argument at this time.
 CONCLUSION
For the above reasons, this Court remands this matter to the Zoning Board for it to remand the case to the Planning Board. Both the Planning Board and Zoning Board must issue written decisions that comport to the requirements of the General Laws and the Code of Ordinances. The Zoning Board's decision must address the findings of the Planning Board in support of its conclusions of law. The Court, again, recognizes that this process of seeking subdivision approval has been ongoing since April of 2000, and that Defendants have been subject to a protracted appeal of this case. This Court, however, cannot decide this case on the merits because the municipal board has failed to follow the procedures required by the Code of Ordinances and the General Laws. Nevertheless, this Court does recognize its authority to decide this case in favor of Plaintiffs should the written decisions continue to be insufficient, as the Planning Board and Zoning Board have been informed of their obligation to provide an adequate and full decision on numerous occasions. This Court will view further insufficiency as an intentional disregard of this Court's orders.
This Court will retain jurisdiction. Counsel shall submit the appropriate order for entry.
[1] The record does not contain minutes or a transcript from the April 25, 2001 hearing.
[2] This Court notes that the Zoning Board decision was not included as an exhibit in the instant matter before the Court, but is part of the permanent court record from the prior decision.
[3] As noted above, many problems exist regarding Defendants' Exhibits. When referred to by this Court, the exhibits will be what is actually before the Court and not exhibits that were cited or referred to in Defendant's Memorandum.
[4] This Court notes both omissions and a number of discrepancies between cited exhibits in Defendant's Memorandum of Law Regarding Plaintiff's Appeal from the Cumberland Planning Board Decision (Defendant's Memorandum) and the actual exhibits. The actual Exhibit B is a copy of G.L. 1956 § 45-24-31, when the cited Exhibit B is the Town of Cumberland Zoning Ordinance, Section 6-3. Exhibit C is cited as the minutes of the Planning Board's meeting of October 25, 2000, but those minutes are included in Exhibit D, and Exhibit C is the transcript of the Planning Board meeting of October 30, 2001 (on remand from the Zoning Board). Exhibit E is cited as the transcript of the February 28, 2001 Planning Board meeting, but instead pages 5-7 of the meeting's minutes are included as Exhibit E. Both Exhibit F, the transcript of the May 30, 2001 meeting of the Planning Board, and Exhibit G, the transcript of the September 12, 2001 meeting of the Zoning Board, are missing pages. Exhibit F is missing one page, and Exhibit G is missing 23 pages. The missing pages, however, are included in the record from the prior two times this case has been before this Court. Exhibit I is cited as the "Final Stage of Minor Subdivision approval," from May 29, 2002; however, the undated decision included as Exhibit I is titled "Preliminary Stage." Exhibit J is cited as this Court's October 21, 2003 decision, which is the version included as Exhibit J; however, Defendant incorrectly categorizes the October 21, 2003 decision as the first time this matter was before this Court. This Court's first decision in this matter was in February 27, 2003, included as Exhibit K and incorrectly cited as the second time this matter was before this Court, and a "2004 Decision." Additionally, Exhibit L is cited correctly, however it is the same Planning Board decision included as Exhibit I (Preliminary Stage). Finally, a citation to Exhibit N is in Defendant's Memorandum; however, no Exhibit N is included in the Exhibits presented before this Court. The transcript referred to, however, is included as Exhibit C.