DECISION
Before this Court is the appeal of David Decker (Decker) from a decision of the Tiverton Zoning Board of Review (Decision and Board respectively). The Decision upheld the Tiverton Building Official's (Building Official) issuance of a building permit for the construction of a barn. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 Facts and Travel
Due to a dispositive jurisdictional defect of the Decision, the following factual recitation is limited. On April 11, 2000, the Building Official issued a building permit for the erection of a barn on property owned by David Durfee and Rosalie Durfee (the Durfees) located at 414 Seapowet Avenue, Tiverton, Rhode Island, and described as Tax Assessor's Plat 120 Lot 25. Decker, an abutter who owns property located at 376 Seapowet Avenue, Tiverton, Rhode Island, filed an appeal of the building permit with the Tiverton Zoning Board of Review. The Board conducted advertised public hearings for Decker's appeal on June 28, 2000; August 2, 2000; and September 6, 2000. The Board then issued a decision on October 4, 2000 denying Decker's appeal and upholding the Building Official's issuance of the building permit. Decker timely appealed the October 4, 2000 decision of the Board to this Court.
Thereafter, on March 3, 2005, this Court remanded the matter to the Board pursuant to § 45-24-69(d) with instructions to "issue a more detailed decision that contains the facts and findings of the Zoning Board, upon which they based their decision to deny the appeal of the Building Official." Pursuant to that order, the Board was to return the more detailed decision to this Court within sixty days.
The Board conducted a hearing on August 3, 2005 on the remanded appeal. No testimony was presented to the Board. Instead, the members of the Board reviewed the record from the original hearings and heard argument from counsel on both sides. On August 4, 2005, the Board issued a second Decision, denying Decker's appeal and upholding the Building Official's determination. This Decision, along with the transcript of the August 3, 2005 proceedings, was filed with this Court on September 21, 2005.
 Standard of Review
General Laws 1956 § 45-24-69 authorizes this Court to review a decision of a zoning board. Section 45-24-69(d) provides in pertinent part:
 "(d) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
Pursuant to § 45-24-69(d), issues of credibility and the weight of the evidence will not be disturbed by the Superior Court on review. Kaveny v. Zoning Bd. of Review, 875 A.2d 1, 7 (R.I. 2005). This Court is limited to an examination of the entire record to determine whether the board's findings of fact are supported by substantial evidence. Mill Realty Assocs. v.Crowe, 841 A.2d 668, 672 (R.I. 2004). "Substantial evidence has been defined `as more than a scintilla but less than a preponderance.'" Id. (quoting Apostolou v. Genovesi,120 R.I. 501, 508, 388 A.2d 824-25 (1978)). Thus, if relevant, competent evidence that a reasonable person might accept in support of a conclusion exists, then the decision of the zoning board must be affirmed. Id.
 Composition of the Board
The composition of the Board changed in the interval between the original hearings in 2000 and the hearing after remand in 2005. It is well settled that
 "where there has been a change in the composition of a board of review made subsequent to the rendering of a decision which this court remands for clarification, completion, and/or supplementation of the record on which the decision was based, a hearing de novo on the application for relief is a jurisdictional condition precedent to a valid decision." Coderre v. Zoning Bd. of Review, 103 R.I. 575, 577-578, 239 A.2d 729, 730 (1968) (emphasis added).
A "clarified and completed decision lacks validity . . . [if] it is not grounded on evidence adduced before and passed upon by [all] five participating members." Id. at 578, 239 A.2d at 730. A change in the composition of the board requires a de novo hearing. See Ryan v. Zoning Bd. of Review, 656 A.2d 612,614 (R.I. 1995) ("[T]he Superior Court remanded the abutters' case to the zoning board, which because of its changed membership required a de novo hearing.").
In this case, only two of the Board members who voted on the decision issued on October 4, 2000 were present for the remand hearing. Board members voting at the first hearing were John Edwards, John Jackson, Michael Boudria, Joseph Sousa, and Paul Cellemme. At the time of the remand hearing, the Board consisted of David Collins, John Edwards, Donald Katyl, Richard Taylor, Paul Cellemme, and Susan Krumholz as the alternate. This change in the composition of the Board mandated a de novo hearing. However, a de novo hearing was not conducted, and the Decision issued on August 4, 2005 was not "grounded on evidence adduced before and passed upon" by each voting member of the Board. As a result, the August 4, 2005 Decision of the Board is invalid.
 Conclusion
After a review of the record, this Court finds that the Decision of the Board was made upon unlawful procedure as the newly constituted Board failed to conduct a de novo hearing. Therefore, the Decision of the Board is remanded for a de novo hearing on Decker's appeal.
Counsel shall submit the appropriate judgment for entry.