**Scott PIERCE**

v.

**PROVIDENCE RETIREMENT BOARD.**

No. 2007–203–M.P.

Supreme Court of Rhode Island.

Jan. 9, 2009.

Elizabeth Wiens, North Kingstown.

Kenneth Chiavarini.

## O R D E R

The Supreme Court granted a petition for a writ of certiorari filed by the petitioner, Scott Pierce (Pierce), seeking review of a decision of the Employees' Retirement Board of the City of Providence (board) denying his application for an accidental-disability pension. The case came before this Court for oral argument on September 29, 2008. For the reasons set forth in this order, we vacate the decision and remand this case to the board with directions to conduct a new hearing and issue a written decision setting forth its findings of fact and conclusions of law.

The facts of this case are undisputed. Pierce served as a firefighter in the City of Providence (city or Providence) for more than twenty-six years. During the course of his employment, Pierce suffered several injuries to his right ankle that ultimately required him to undergo surgery. After the surgery, Pierce was unable to return to work and applied for an accidental-disability pension under § 17–189 of the Providence Code of Ordinances (code). Thereafter, three independent physicians examined Pierce and unanimously concluded that he was rendered permanently disabled while performing his duties as a firefighter. According to the examining physicians, multiple injuries to Pierce's

right ankle resulted in his disability, and he suffered those injuries in the course of his employment. On May 23, 2007, the board voted to deny the application for an accidental-disability pension and, by letter, advised Pierce of the outcome of the vote. Pierce retired with a service pension on June 28, 2007.

When deciding a case on certiorari, our task is "to discern whether any legally competent evidence supports the lower tribunal's decision and whether the decision[-] maker committed any reversible errors of law in the matter under review." *Pastore v. Samson*, 900 A.2d 1067, 1073 (R.I.2006) (quoting *Cullen v. Town Council of Lincoln*, 850 A.2d 900, 903 (R.I.2004)). This Court will affirm the board's decision if there is competent evidence to support it and if there are no errors of law in the findings and conclusions. *Moise v. Retirement Board of the Employees' Retirement System of Providence*, 635 A.2d 761, 761 (R.I.1994); *Berberian v. Department of Employment Security, Board of Review*, 414 A.2d 480, 482 (R.I.1980).

Before this Court, the board argues that it denied Pierce's application for an accidental-disability pension because the code requires that the applicant suffer a specific accident or incident while performing his or her duties that proximately causes his or her disability and that Pierce was unable to identify a single accident or incident that caused his disabling injury. *See* Providence Code of Ordinances § 17–189(5). Because Pierce suffered several injuries while serving as a firefighter, all of which contributed to his permanent disability, the board contends that he did not qualify for an accidental-disability pension. Unfortunately, the board failed to issue a written decision reflecting these findings of facts and conclusions of law.[1] The absence of findings by the board makes it

---

1. The only writing setting forth the board's decision was the May 23, 2007 letter to Pierce, which consisted of two sentences:

"Please be advise[d], that the Retirement Board voted at its meeting held on May 23,

impossible for us to review the board's decision and determine whether it was supported by legally competent evidence or included any errors of law.[2] Therefore, we vacate the board's decision.

We order a new hearing in this case based on the city's disclosure at oral argument that the composition of the board has changed since Pierce's application was denied. This Court repeatedly has held "that where there has been a change in the composition of a board of review made subsequent to the rendering of a decision which this [C]ourt remands for clarification, completion and/or supplementation of the record on which the decision was based, a hearing de novo on the application for relief is a jurisdictional condition precedent to a valid decision." *Town of Burrill-ville v. Pascoag Apartment Associates, LLC,* 950 A.2d 435, 443 n. 9 (R.I.2008) (quoting *Coderre v. Zoning Board of Review of Pawtucket,* 103 R.I. 575, 577–78, 239 A.2d 729, 730 (1968)). Accordingly, we remand this case to the board for a new hearing on Pierce's application for an accidental-disability pension and direct the board to issue a written decision setting forth its findings and conclusions.

2007 to deny your application for Accidental Disability Retirement.
"If you have any questions, please contact the Retirement Office * * *."

2. We note that, after oral argument in this case, the city attempted to supplement the record by submitting a transcript of the discussions of the board relative to Pierce's application for an accidental-disability pension. We observe that the failure to provide this transcript beforehand constitutes a blatant disregard of the writ this Court issued to the board, and we declined to supplement the record at this stage in the proceedings. Rather, our response in this case, as in any other case in which an administrative body fails to make adequate findings upon which this Court can undertake proper review, is simple: do it again.