Wladislaw SOBANSKI

v.

PROVIDENCE EMPLOYEES'
RETIREMENT BOARD and
the City of Providence.

No. 2007–377–M.P.

Supreme Court of Rhode Island.

Oct. 21, 2009.

Michael K. Marran, Esq.

Kenneth B. Chiavarini, Esq.

## ORDER

This Court granted a petition for certiorari filed by the petitioner, Wladislaw Sobanski (Sobanski), seeking review of a decision of the Providence Employees' Retirement Board denying his application for an accidental disability pension. This case came before the Court at a session in conference pursuant to Article I, Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. At this time, we proceed to decide this appeal without further briefing and argument.

Sobanski served as a police officer for the city of Providence for twenty years. During his employment, Sobanski suffered multiple back injuries. As a consequence of the back injuries, Sobanski was unable to return to work, and he applied for an accidental-disability pension under § 17–189 of the Providence Code of Ordinances (code). Subsequently, three physicians examined Sobanski and determined that he was permanently disabled from resuming his duties as a police officer. The physicians opined that Sobanski's back injuries were both work related and the cause of his disability. On October 24, 2007, the board denied Sobanski's application for an accidental-disability pension but granted him an ordinary disability pension. There-

after, Sobanski retired with a service pension.

"When deciding a case on certiorari, our task is 'to discern whether any legally competent evidence supports the lower tribunal's decision and whether the decision[-]maker committed any reversible errors of law in the matter under review.'" *Pierce v. Providence Retirement Board*, 962 A.2d 1292, 1292 (R.I.2009) (mem.) (quoting *Pastore v. Samson*, 900 A.2d 1067, 1073 (R.I.2006)). "This Court will affirm the board's decision if there is competent evidence to support it and if there are no errors of law in the findings and conclusions." *Id.*

The board argues before this Court that Sobanski did not qualify for an accidental disability pension because he cannot point to a specific accident that triggered his condition. The board contends that under the code an accidental disability pension is only appropriate when an employee's disability is the result of a specific accident. However, the board did not issue a written decision with findings and conclusions of law. Thus, as in *Pierce*, it is not feasible for this Court to review the board's decision to determine whether it is supported by competent evidence or legally deficient. *Pierce*, 962 A.2d at 1292–93. Therefore, we vacate the board's decision.

A new hearing before the board may also be required in this matter if the board has changed in composition since its decision of October 24, 2007. *Pierce*, 962 A.2d at 1293. Accordingly, we remand this case to the board for proceedings consistent with the directives of this order and with our opinion in *Rossi v. Employees' Retirement System*, 895 A.2d 106 (R.I.2006). We direct the board to issue a written decision containing factual findings and conclusions of law.