DECISION
Before this Court is an appeal from a decision ("Decision") of the Zoning Board of Review of the Town of Jamestown ("Board or "Zoning Board"), which denied David Clancy and Jennifer Clancy's petition for (collectively, "Clancys" or "Appellants") a special use permit. Appellants seek reversal of the Board's decision. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
A full recitation of the facts and travel of this matter can be found in the December 7, 2006 decision (Decision) rendered by this Superior Court, Gale, J. in the above entitled matter. Briefly, Appellants are the owners of property located at 382 North Road, Jamestown, Rhode Island, described as Assessor's Plat 7, Lot 22. The property is located in an RR-200 zone and consists of approximately 65,340 square feet. In 2003, Appellants were granted a dimensional variance to build a glass blowing studio *Page 2 
on said property. The present action emanates from Appellants' petition to the Jamestown Zoning board to obtain a special use permit allowing the sale of goods produced in their glass blowing studio.[1] The matter first went before the Zoning Board in April 2005, wherein their request for a special use permit was denied. Subsequently, the Clancys appealed. That appeal resulted in the 2006 Decision, Gale, J. remanding the matter to the Zoning Board with "specific instructions to rule on the merits of the Clancy's application for a special use permit utilizing § 82-602 (A) and (B) of the Zoning Board of Review of the Town of Jamestown." (Dec. 7, 2006 Decision at 9.)
After that 2006 Decision was rendered, both the Clancys and the Jamestown Zoning Board signed a Stipulation filed with the Court in August of 2007. ("Stipulation"). The Stipulation concerned the procedural posture of the remand hearing. Since the Jamestown Zoning Board's composition had changed and did not consist of five members who originally participated in the 2005 proceedings; [and in an attempt order to avoid a de novo hearing]the Stipulation named seven (7) then-current members of the Zoning Board who could consider the matter on remand.[2] The persons named in the Stipulation were, Thomas Ginnerty, Richard Boren, David Nardolillo, Don Weinberg, Dean Wagner, Richard Cribb, and Richard Allphin. There was to be no additional evidence or testimony accepted. The newly constituted Board was to base its decision solely on a review of the written record.
Present at the October 2007 remand hearing were Ginnerty, Boren, Nardolillo, Weinberg, and Joseph Logan. Logan participated despite the fact that he neither *Page 3 
participated in the 2005 proceedings, nor was named in the Stipulation. In fact, Logan was a member of the Board in 2005 but had recused himself from the matter originally, because, at the time, he was a member of the Jamestown Historical Society. Neither party objected to his participation.
After some discussion, the Board voted 3 to 2 in favor of granting the Clancys' petition for a special use permit. With only three votes in favor of the special use permit, and pursuant to § 82-501(B) 3 and § 45-24-52 (2), the petition was denied.[3]
The Clancys timely appealed.
 Standard of Review
The Superior Court review of a zoning board decision is controlled by G.L. 1956 § 45-24-69(D), which provides:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. *Page 4 
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolou v.Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount, more than a scintilla but less than a preponderance." Caswell v. George Sherman Sand and GravelCo. Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d 824-825). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings."New England Naturist Ass'n, Inc. v.George,648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v.International Association of Fire Fighters, AFL-CIO, Local1589, 119 R.I. 506, 380 A.2d 521 (1977)). Accordingly in the event that a reviewing court, after a thorough review of the record, finds a lack of competent evidence or in the alternative finds that the tribunal failed to follow statutory procedures, may remand the matter to the tribunal for new proceedings. Roger Williams v.Gallison, 572 A.2d 61, (R.I. 1990).
 Analysis
On appeal, Appellants seek a reversal of the Board's decision. Specifically, they argue that the Board, once again, failed to issue specific findings of fact as to why the petition failed to meet the requirements for a special use permit. Furthermore, in light of Resolution No. 07-0030 of the Jamestown Town Council, which essentially approves the Clancys' bid to sell products on their property, Appellants urge this Court to enter *Page 5 
judgment in their favor and grant the application. Due to a jurisdictional defect, this Court will not address any substantive argument raised by the Appellants.
 Composition of the Board
Our Supreme Court has made it clear that
 "where there has been a change in the composition of a board of review made subsequent to the rendering of a decision which this court remands for clarification, completion, and/or supplementation of the record on which the decision was based, a hearing de novo on the application for relief is a jurisdictional condition precedent to a valid decision." Coderre v. Zoning Bd. of Review, 103 R.I. 575, 577, 239 A.2d 729, 730 (1968).
The court went on to hold that even a "clarified and completed decision lacks validity . . . [if] it is not grounded on evidence adduced before and passed upon by five participating members."Id. at 578, 239 A.2d at 730. The Court's holding inCoderre has been reaffirmed in its 1996 decision, Ryan v.Zoning Board of Review of the Town of New Shoreham,656 A.2d 612, 614 (R.I. 1996) ("the Superior Court remanded the case to the zoning board, which because of its changed membership, required a de novo hearing[]"). It is undisputed that the composition of the Zoning Board had changed in such a way that the five members who had sat in and heard the evidence in 2005 would not be able to review the matter on remand. Despite this fact, the newly constituted Board erroneously opted to render a decision based solely on a review of the 2005 transcript.
Furthermore, neither the Stipulation or the fact that both parties agreed to the participation of Joseph Logan cured the proceedings of this procedural flaw. "Subject matter jurisdiction is an indispensable ingredient of any . . . proceeding [and cannot] be *Page 6 
waived or conferred by consent of the parties." Paolino v.Paolino, 420 A.2d 830, 833 (1980). Specific to a zoning context, our Supreme Court in Bove v. Board of Review of the City ofNewport, 95, R.I. 197, 199, 185 A.2d 751, 752 (1962), invalidated a zoning board's decision when a sixth board member participated despite an agreement to allow his participation. Since the General Laws clearly mandated that a board of review consist of five members, the court held that the agreement of the parties was "of no legal significance . . . [as] the parties [could not] vest the board with jurisdiction mandated by the statute." Id.
Here, the compositional change in the Zoning Board's membership mandated that the matter be heard de novo. Since a denovo hearing was not conducted, the Board's Decision issued on October 24, 2007 is void ab initio.
 Conclusion
After a review of the record this Court finds that the Decision of the Board was made upon unlawful procedure as the newly constituted Board failed to conduct a required de novo hearing. Therefore, the Decision of the Board is a nullity and the matter is remanded for a de novo hearing.
[1] According to § 82-301, Table 3-1 (VI. G.11) of the Jamestown Code of Ordinances, the "sale of home craft products manufactured on the premises" is allowed in an RR-200 zone only by way of a special use permit.
[2] It should be noted that there were two hearings on the matter in 2005: one on March 22, and another on April 26.
[3] Section 82-501(B)2 of the Jamestown Zoning Ordinance states:
 "The concurring vote of four of the five members of the zoning board sitting at a hearing shall be required to decide in favor of an applicant on any matter within the discretion of the board upon which it is required to pass under the ordinance [this chapter], including variances and special-use permits." *Page 1