372 A.2d 67.

Jayne Ann Dresser *et al. vs.* A. T. & G., Inc. *et al.*

APRIL 11, 1977.

Present: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM. This petition for certiorari was brought to review the Superior Court judgment reversing the decision of the Zoning Board of Review of the Town of North Smithfield. The case was originally before us in *A. T. & G., Inc.* v. *Zoning Bd. of Review,* 113 R.I. 458, 322 A.2d 294 (1974), in which we remanded the case to the Superior Court for further proceedings. The Superior Court, in turn, remanded the matter to the zoning board for a further hearing on the question of the termination or discontinuance of the nonconforming use. No further hearing was held. Instead, the transcript and exhibits of the original hearing were reviewed and findings of fact and conclusions therefrom were filed in Superior Court.

During oral argument before this court, it was disclosed that only four individuals participated in rendering the decision on remand. Moreover, between the time of the zoning board's original decision and the remand, the composition of the board had changed. Several of the individuals participating in the decision on remand had been

68

members of the original board, but were not members of the presently constituted zoning board.

In *Coderre* v. *Zoning Bd. of Review,* 103 R.I. 575, 239 A.2d 729 (1968), we held:

> "[W]here there has been a change in the composition of a board of review made subsequent to the rendering of a decision which this court remands for clarification, completion and/or supplementation of the record on which the decision was based, a hearing de novo on the application for relief is a jurisdictional condition precedent to a valid decision." *Id.* at 577-78, 239 A.2d at 730.

In addition, all five members of the presently constituted zoning board must participate in rendering a decision. *Kent* v. *Zoning Bd. of Review,* 102 R.I. 258, 229 A.2d 769 (1967). Since the zoning board failed to hold a hearing de novo, and since the board failed to have all five members of the presently constituted board participate in deciding this matter, its decision was invalid.

The petition for certiorari is granted, the decision of the Superior Court is quashed without prejudice to the applicants to have their applications considered de novo, and the records certified are ordered returned to the Superior Court with our decision endorsed thereon.

*Lavine & Sutherland, Robert Hope Larder, Paul P. Baillargeon,* for petitioners.

*Fontaine & Croll, Paul A. Fontaine,* for respondents.