**Charles LOMBARDI et al.**

v.

**Azarig KOOLOIAN et al.**

No. 88–572–M.P.

Supreme Court of Rhode Island.

July 7, 1989.

Kevin J. McAllister, Providence, for plaintiff/petitioner.

Edward J. Maggiacomo, W. James McKay, Adler, Pollock & Sheehan, Inc., Providence, for defendant/respondent.

OPINION

PER CURIAM.

 The narrow issue presented in this case is whether a Superior Court justice, on an appeal from the North Providence zoning board, can order a remand with specific directions that the zoning board be reconstituted as it was at the time of the hearing that gave rise to the appeal instead of as it was at the time of the remand. We hold

---

that the trial justice does not have that authority.

In *Dresser v. A.T. & G., Inc.*, 118 R.I. 66, 67–68, 372 A.2d 67, 68 (1977), we invalidated a decision of a zoning board, in part because "[s]everal of the individuals participating in the decision on remand had been members of the original board, but were not members of the presently constituted zoning board."

In *Dresser* the court relied on an earlier decision, *Coderre v. Zoning Board of Review of Pawtucket*, 103 R.I. 575, 578, 239 A.2d 729, 730–31 (1968), in which this court held that "there having been a change in the composition of the board intervening between its decision and our remand, it was the obligation of the board as newly constituted to consider the case de novo." This general rule has been applied in other jurisdictions in which a board's membership has changed between the time it rendered its original decision and the time the case was remanded to the board by an appellate court for a new decision. *Lewandoski v. Vermont State Colleges*, 142 Vt. 446, 457 A.2d 1384 (1983). In *Lewandoski* the court also held that there was no due-process violation when new members of a board, not present when testimony was taken, participated in the decision after they had reviewed the testimony.

In *Vehslage v. Rose Acre Farms, Inc.*, 474 N.E.2d 1029 (Ind. Ct.App.1985), new members of a zoning board issued written findings of fact on remand. The appellants in *Vehslage* argued on appeal that such a procedure violated their due process rights because it would make it possible for the newly constituted board to overrule the decision of the prior board. *Id.* at 1031. The court rejected that argument, pointing out that due process or a fair hearing is not denied by the mere fact that an otherwise authorized board member participates in a decision without his or her having been on the board when the evidence was heard. *Id.* (citing 2 Am.Jur.2d *Administrative Law*, § 437 (1962)). The court reasoned:

"We have great difficulty with the proposition that an ex-administrative officer, after his successor has qualified for and entered upon the duties of his office, retains the power to perform any act relative to that office. All such officers leave office with business pending and decisions unmade. Even a trial judge prior to the promulgation of [new rules of procedure] * * * had no power to perform judicial functions after leaving the position * * *.

"We must therefore conclude that an administrative board member or officer's powers, granted by [the] state, do not transcend his term of office." *Id.* at 1033–34.

The court also pointed out that "to require reconstitution of the original administrative agency or board simply because its personnel have changed would wreak havoc on the administrative law system." *Id.* at 1034.

■ We agree with this reasoning. The former member of the North Providence Zoning Board no longer had the authority to act in his former official capacity. The trial justice had no power to bestow that authority on him. Appointments made to the zoning board are made only by the town council in accordance with article X, section 1, of the town of North Providence zoning ordinance.

"There can be no appointment of an officer or employee in the public service without legal authority, express or implied, to make the appointment." 3 McQuillin, *Municipal Corporations* § 12.70 at 284 (3rd ed. 1982).

■ There is no merit to the respondent's argument that principles of equitable estoppel should apply against the town of North Providence in the context of zoning-board membership. Equitable estoppel has been applied against a municipality in a zoning context, but only in rare cases. *See, e.g., Jones v. Rommell*, 521 A.2d 543 (R.I.1987). That relief, however, has no application to the constitution of a tribunal that is to sit in judgment of a controversy.

For these reasons the petition for a writ of certiorari is granted, that portion of the trial justice's decision that attempted to change the current configuration of the

North Providence Zoning Board is quashed, and the papers of the case are remanded to the Superior Court with our decision endorsed thereon for further remand to the zoning board for hearings as ordered by the trial justice.

KELLEHER and WEISBERGER, JJ., did not participate.