DECISION
In this administrative appeal, plaintiff David Marsocci quarrels with a decision of the Zoning Board of Review for the Town of Johnston that denied him dimensional variances in connection with his proposed construction of a single family dwelling. As the Board failed to make any findings of fact or conclusions of law to justify its decision, in violation of the repeated admonitions of the Rhode Island Supreme Court and the Rhode Island Superior Court to make its rationale explicit in its zoning decisions to allow for meaningful judicial review, this Court remands this matter to the Board for rehearing and further proceedings consistent with this Decision.
 FACTS AND TRAVEL
Plaintiff David Marsocci, the owner of property described as Lots 188 and 193 on Assessor's Plat 3 in the Town of Johnston, Rhode Island, filed an application for dimensional variances to build a single family residence measuring 26 feet by 44 feet on property measuring 50 feet by 300 feet. In his application, he contemplated side yard setbacks of 8 feet on one side and 16 feet on the other side, necessitating dimensional variances. See
Johnston Zoning Ordinance Art. III, Table III F-1 (a Residence R-15 must have a minimum side yard of twenty (20) feet plus two (2) feet for each five (5) feet of building height over twenty five (25) feet).
The Town of Johnston Zoning Board of Review held a hearing on his application on May 30, 2002. Tr. of Hearing dated May 30, 2002. There were six members of the Board present at the hearing: defendants Anthony Pilozzi (Chairman), Anthony Verardo (Vice Chairman), Joseph A. Anzelone (Secretary), Kenneth Aurecchia, Ernest C. Acciardo, and Alfred P. Cianci. Id. At the conclusion of the hearing, the Secretary of the Board, defendant Anzelone, made a motion to deny the application because "the setbacks [were] too small." Tr. at 17. The Chairman seconded the motion and then called for the vote. Id. The transcript of the hearing reflects that only three members of the Board actually voted formally to deny the application (Aurrechia, Acciardo and Verardo). Id. Based on the fact that the Secretary of the Board made the motion to deny the application and the Chairman seconded that motion, and based further on this Court's review of the entire hearing record including the subsequent written decision signed by the Chairman that denied plaintiff his requested relief, it reasonably can be inferred that these two members of the Board also opposed the application and may have considered their acts of moving and seconding the motion to be votes to deny plaintiff Marcocci his requested relief. Id. It appears that the other member of the Board present at the hearing (Cianci or "Santilli" (sic) according to the hearing transcript) did not even vote or formally abstain from voting, but may have been sympathetic to plaintiff's position. Id.
While the record of the hearing does not explain the rationale for each member's vote or position, the statements of the Chairman, who dominated the discussion at the meeting, indicate that he had problems with: (1) the design of the house being "end to street" or "shotgun style" in a neighborhood where beautiful houses were not situated on lots in that fashion; (2) the size of the proposed house in relation to the lot size, considering the setback requirements; (3) the fact that it was, in his memory, the third time that an applicant had sought a variance to build on the property (the last time being plaintiff's sister seeking permission to build a duplex on the property); and (4) plaintiff buying the property from his sister which he viewed as plaintiff creating his own hardship. Tr. at 4-16. The Chairman expressed his view that too many people were buying up small vacant lots in Johnston and then seeking dimensional variances to build houses too large for the lots and that the Board had developed a policy of near zero tolerance for granting such requests (unless a variance of only a few feet were requested). Tr. at 8, 11-12, 16. While he stopped short of declaring plaintiff Marsocci's lot unbuildable and recommended that he put a smaller house on the lot, he did not indicate what dimensions, short of strict compliance with the dimensional requirements of the zoning ordinance, would be acceptable to him or the other Board members. Tr. at 4-16.[1]
Rhode Island law dictates that the Board must file a written decision containing its findings of fact within thirty (30) days of the meeting at which it votes. R.I. Gen. Laws § 45-24-61(a). The Zoning Ordinances for the Town of Johnston impose a similar requirement on the Board. See Johnston Zoning Ordinance Art. VI, § H (1). In this case, however, the Board inexplicably failed to issue its written decision in conformance with the timeframes dictated by state statute and its own regulations.
After waiting for over a year for the formal, written decision of the Board from which he could appeal, plaintiff Marsocci filed his initial complaint in this action on April 30, 2003, seeking a writ of mandamus to compel the Board to issue its written decision. He took no action for over four months thereafter to press his request for mandamus. On September 19, 2003, over fifteen months after it voted to deny plaintiff Marsocci's application at the hearing and on the same date on which the plaintiff finally noticed his mandamus petition for hearing, the Board at last filed its written decision denying his application for dimensional variances. The Board's decision recited the following few findings of fact:
 1. The subject property is known as Assessor's Plat 3, Lots 188 and 193 and contains approximately 15,000 sq. feet.
 2. The petitioner is the owner of said property.
 3. The petitioner is proposing to build a single family home on the premises.
 4. A variance is required for the proposed use.
 5. The area surrounding the subject property contains residential use parcels.
 6. The premises in question are located in an R-15 zone.
See Decision ¶¶ 1-6 (findings of fact). The Board stated its legal conclusions, using boilerplate language, as follows:
 1. The hardship from which the applicant seeks relief is not due to the unique characteristics of the subject land or structure, but rather to the general characteristics of the surrounding area.
 2. The hardship is the result of the action of the applicant and results primarily from the desire of the applicant to realize greater financial gain.
 3. The granting of the requested variance will alter the general character of the surrounding area and impair the intent and purpose of this Ordinance and/or the Comprehensive Plan upon which this Ordinance is used.
 4. The relief granted is not the least necessary.
 5. The petitioner has failed to show that the subject land or structure cannot yield any beneficial use if it is required to conform to the provisions of the Johnston Zoning Ordinance.
 6. The petitioner has failed to show that the hardship that will be suffered by the owner of the subject property if this variance is not granted amounts too [sic] more than a mere inconvenience.
 7. That granting of this variance will result in or create a condition that will be inimical to the public health, safety, morals and general welfare of the community.
See id. ¶¶ 1-7 (conclusions of law).
On October 7, 2003, the same date on which plaintiff Marsocci alleges that he received the Board's decision, he filed a motion to amend his complaint to assert a claim of appeal from the Board's decision of September 19, 2003.[2] On October 23, 2003, plaintiff's motion to amend the complaint was granted by rule of court, as the defendants interposed no objection to it. Plaintiff Marsocci also filed his amended complaint on that date, asserting only a claim of appeal from the Board's written decision of September 19, 2003.[3]
Not until March 4, 2004, or almost six months following plaintiff Marsocci's filing of his appeal, did the Board file in the Superior Court the certified record of proceedings before it, including plaintiff's application for dimensional variances, the transcript of the May 30, 2002 hearing on his application, and the Board's written decision dated September 19, 2003. The Board failed to serve or certify service of the filed certification and record to plaintiff Marsocci, through his counsel, at that time. Yet at no time before mid-March 2004 did plaintiff Marsocci move to compel the Board to file the certified record or for other relief. In fact, it was not until March 17, 2004, and without knowledge that the Board had recently filed the certified record, that plaintiff Marsocci filed a motion to compel its filing and for attorney's fees. The Board objected to the plaintiff's motion, arguing that it was moot as it already had filed the certified record. It appears from the Superior Court docket that plaintiff Marsocci took no action to press his motion thereafter. Instead, the parties consented to a briefing schedule to position this case for decision on plaintiff Marsocci's administrative appeal.
On appeal, plaintiff Marsocci seeks to overturn the decision of the Board that denied his application for dimensional variances. He argues that the Board's decision violated the provisions of R.I. Gen. Laws § 45-24-61(a) in that the Board failed to issue its written decision within thirty (30) days, record the votes of individual members with respect to the findings and conclusions stated in that decision, and set forth the findings of fact and conclusions of law that would allow this Court to conduct meaningful judicial review of that decision. Plaintiff Marsocci further contends that the Board considered inappropriate factors when making its decision, by making conclusions applicable to requested use variances but not dimensional variances, and acted arbitrarily and capriciously, as evidenced by the Chairman's comments at the hearing. He asks that this Court reverse the decision of the Board, remand this matter back to the Board for a rehearing on the merits of his application and order the Board to pay his costs and attorney's fees in connection with his obtaining a written decision and perfecting his appeal.
The Board counters that its delay in issuing a written decision and ordering the record cannot justify reversal, its failure to list the Board members' votes in that decision is harmless error because their votes were recorded in the transcript of the hearing, and the decision of the Board must be upheld because it is supported by the record and was not arbitrary or capricious. It asks this Court to affirm the decision below.
 STANDARD OF REVIEW
The Superior Court's review of a zoning board decision is guided by the dictates of the following Rhode Island statute:
 The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
R.I. Gen. Laws § 45-24-69(d).
When reviewing the action of a zoning board of review, this Court "must examine the entire record to determine whether `substantial' evidence exists to support the board's findings."Salve Regina College v. Zoning Board of Review, 594 A.2d 878,880 (R.I. 1991) (quoting DeStefano v. Zoning Board of Review,122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979)). "Substantial evidence" has been defined as "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means an amount more than a scintilla but less than a preponderance." Lischio v. Zoning Board of Review,818 A.2d 685, 690 n. 5 (R.I. 2003) (quoting Caswell v. George ShermanSand Gravel Co., 424 A.2d 646, 647 (R.I. 1981)).
In reviewing the evidence before it, the Court "may `not substitute its judgment for of the zoning board of review as to the weight of the evidence on questions of fact.'" Kaveny v.Town of Cumberland Zoning Board of Review, 875 A.2d 1, 7 (R.I. 2005) (quoting Curran v. Church Community Housing Corp.,672 A.2d 453, 454 (R.I. 1996) (quoting R.I. Gen. Laws § 45-24-69(d)). However, this Court may remand the case for further proceedings or vacate the decision of the Board if it is "clearly erroneous in view of the reliable, probative and substantial evidence of the whole record." von Bernuth v. Zoning Board of Review,770 A.2d 396, 399 (R.I. 2001). Furthermore, "[t]his Court has stated on many occasions that a municipal board, when acting in a quasi-judicial capacity, must set forth in its decision findings of fact and reasons for the action taken." Sciacca v. Caruso,769 A.2d 578, 585 (R.I. 2001) (quoting Irish Partnership v.Rommel, 518 A.2d 356, 358 (R.I. 1986)). If a zoning board of review sets forth findings that are conclusory rather than factual, it is difficult for this Court to sustain the zoning board's decision because of the inadequacy of the statement summarizing its decision. Id. (citing Souza v. Zoning Bd. ofReview of Warren, 104 R.I. 697, 699-700, 248 A.2d 325, 327
(1968)).
 ANALYSIS
This Court first must address the issues of whether the timing and content of the Board's decision violated the provisions of Rhode Island law and the Zoning Ordinance for the Town of Johnston. In particular, this Court must address whether the Board issued a timely decision and certified the record to this Court in a timely fashion, whether its decision reflected the votes of individual Board members and whether it made findings of fact and conclusions of law as required by Rhode Island law. It also must decide if the decision was arbitrary or capricious. Should it find that the Board's decision violated the law, it must determine the appropriate remedy.
The Rhode Island statute that delineates the duties of a zoning board of review in issuing a decision provides, in pertinent part, as follows:
 Following a public hearing, the zoning board of review shall render a decision within a reasonable period of time. The zoning board of review shall include in its decision all findings of fact and conditions, showing the vote of each participating member, and the absence of a member or his or her failure to vote. Decisions shall be recorded and filed in the office of the city or town clerk within thirty (30) working days from the date when the decision was rendered, and is a public record. The zoning board of review shall keep written minutes of its proceedings, showing the vote of each member upon each question, or, if absent or failing to vote, indicating that fact, and shall keep records of its examinations, findings of fact, and other official actions, all of which shall be recorded and filed in the office of the zoning board of review in an expeditious manner upon completion of the proceeding.
R.I. Gen. Laws § 45-24-61(a) (emphasis added). The Johnston Zoning Ordinance contains provisions mirroring this state statute which dictate that:
 the zoning board shall render a decision within a reasonable period of time. The zoning board shall include in its decision all findings of fact and conditions, showing the vote of each member participating thereon, and the absence of a member or his or her failure to vote. Decisions shall be recorded and filed in the office of the zoning board within thirty working days from the date when the decision was rendered, and shall be a public record.
Johnston Zoning Ordinance Art.VI § H (1) (emphasis added).
In this case, it is quite clear that the Board violated these provisions of the state statute and the local zoning ordinance in failing inexplicably to file its written decision within thirty (30) days from the date of hearing at which it denied plaintiff Marsocci's application for dimensional variances. It heard plaintiff Marsocci's application on May 30, 2002, at which time the Board voted to deny his requested dimensional variances. It did not file its written decision (that, by law, was to contain its findings of fact and conclusions of law) until September 19, 2003 — over fifteen months later. In fact, the Board did not file its written decision until after plaintiff Marsocci filed his complaint with this Court in April 2003 seeking a writ of mandamus ordering the Board to issue its written decision. Indeed, the Board finally issued the written decision on the same day that plaintiff Marsocci had requested a hearing on his request for a writ of mandamus. The Board does not attempt to explain this delay nor does it seek to justify it. The delay and, more fundamentally, the absence of a written decision deprived plaintiff Marsocci of his ability to appeal from the Board's decision for a substantial period of time. See R.I. Gen. Laws §45-24-69(a). The delay may have caused him to incur unnecessary costs and attorney's fees associated with his filing of the mandamus action in the Superior Court to attempt to compel the Board to do that which it was legally required to do. SeeUnion Station Assocs. v. Rossi, 862 A.2d 185, 193 (R.I. 2004) (quoting Adler v. Lincoln Housing Authority, 623 A.2d 20, 25
(R.I. 1993) (quoting Gormally v. Cannon, 119 R.I. 771, 776,383 A.2d 582, 585 (1978) ("In Rhode Island, `a writ of mandamus will issue only where the petitioners have a clear legal right to have the act done which is sought by the writ; and where the respondents have a ministerial, legal duty to perform such act without discretion to refuse; and where the petitioners have no plain and adequate remedy at law.'")).
The Board further compounded this problem by not certifying the record of the zoning proceedings below to the Superior Court in a timely manner. Under R.I. Gen. Laws § 45-24-69 (a), the Board is required to certify the record to this Court within thirty (30) days of receipt of service of plaintiff's complaint on appeal.[4] The Board here does not attempt to explain or justify its delay in filing the certified record. The Board's almost six month delay in filing the certified record thus violates the statute and delayed consideration of plaintiff Marsocci's appeal. As the Board also neglected to serve plaintiff Marsocci with notice when it filed the certified record, albeit late, it also may have caused him to incur unnecessary additional costs and attorney's fees associated with having to move to compel the Board to file the certified record below.
A review of the written decision of the Board itself, however, reveals that the even greater violation of R.I. Gen. Laws §45-24-61(a) and the Johnston Zoning Ordinance occurred when the Board failed, in the written decision that it ultimately issued, to make the findings of fact and conclusions of law that are necessary predicates to meaningful judicial review. Its written decision failed even to reflect how the Board members voted upon plaintiff Marsocci's application for zoning relief.
It has been emphasized repeatedly by the Rhode Island Supreme Court that "a municipal board, when acting in a quasi-judicial capacity must set forth in its decision findings of fact and reasons for the action taken." Sciacca, 769 A.2d at 585
(quoting Irish Partnership, 518 A.2d at 358).[5] Boards should articulate:
 the reasons upon which they base their ultimate decision because the parties and this court are entitled to know the reasons for the board's decision in order to avoid speculation, doubt, and undue delay. Unless zoning boards comply with the above-mentioned directions they run the risk of reversal if this court is unable to find from the record that there were good and sufficient grounds for their decisions.
Hopf v. Board of Review of the City of Newport, 102 R.I. 275,288-89, 230 A.2d 420, 428 (1967) (citations omitted). The Supreme Court has made it clear that it is not the job of the courts to "search the record for supporting evidence [or decide for themselves] what is proper in the circumstances." Cranston PrintWorks, 684 A.2d at 692 (quoting Hooper v. Goldstein,104 R.I. 32, 44, 241 A.2d 809, 815 (1968)).
Our Supreme Court has held previously that the Zoning Board of the Town of Johnston, by failing to articulate either its findings of fact or conclusions of law, "completely disregarded its obligation to spell out its conclusions and reasoning, a duty that is clearly set forth in Article VI, § H (1) of the Johnston Zoning Ordinance." Sciacca, 769 A.2d at 585; see also vonBernuth, 770 A.2d at 402 (the Supreme Court "cautioned" the zoning boards and their attorneys to ensure that their decisions address the evidence in the record as to each legal precondition). On many other occasions, the Superior Court, too, has chided the Town of Johnston Zoning Board of Review for the paucity of findings of fact in its decisions and for not complying with its statutory duties to make findings of fact and conclusions of law. See, e.g., Dicon Corp., Inc. v. Town ofJohnston Zoning Board of Review, C.A. No. PC 04-3051, 2005 R.I. Super. LEXIS 78 (May 16, 2005); Mount Development Group, LLC v.Zoning Board of Review of the Town of Johnston, C.A. No. PC 02-2234, 2003 R.I. Super. LEXIS 24 (March 11, 2003); Verdone v.Pilozzi, et al., C.A. No. PC 2000-1609, 2003 R.I. Super. LEXIS 26 (February 20, 2003); Berarducci and Sons, Inc. v. ZoningBoard of the Town of Johnston, C.A. No. PC 2002-0752, 2002 R.I. Super. LEXIS 114 (August 21, 2002).
Notwithstanding all of these past admonitions to the Board, the decision rendered by the Johnston Zoning Board in this case fails again to comply with the requirements of the applicable state statute and zoning ordinance to make proper "factual findings." R.I. Gen. Laws § 45-24-61(a); Johnston Zoning Ordinance Art VI, § (H) (1). There are almost no factual findings in the decision relevant to plaintiff's application for dimensional variances and no analysis to explain how the Board reached its conclusions. The decision of the Board contains merely a litany of boilerplate legal precepts that lack any application of those legal principles to the facts as found by the Board.[6] SeeSciacca, 769 A.2d at 585 (findings "made by a zoning board `must be factual rather than conclusional, and the application of the legal principles must be something more than the recital of a litany'") (quoting Irish Partnership,518 A.2d at 358).[7] As this Court has stated previously in attempting review of a similarly deficient zoning board decision:
 A mere recitation of the portions of the Ordinance establishing the standards for the Board's granting of dimensional relief does not provide this Court with any insight into how the Board applied those standards to [the plaintiff's] application or reached its decision to deny the [plaintiff] relief. The Board's stated rationale does not contain any factual findings or describe the evidence that the Board relied upon or rejected in reaching its conclusions. The [Decision], therefore, really contain[s] no reasons at all and deprive[s] this Court of any meaningful opportunity to review the Board's decision.
Zavota v. The Zoning Board of Review for the Town ofBarrington, C.A. No. PC02-1905, 2004 R.I. Super. LEXIS (May 7, 2004).
A review of the Board's decision here makes manifest similar glaring deficiencies. In denying relief in this case, for example, the Board fails to explain: (1) how the hardship from which plaintiff Marsocci seeks relief is due to the general characteristics of the surrounding area (as opposed to the unique characteristics of the subject land or structure); (2) how the hardship is the result of his action; (3) how the hardship results primarily from his desire to realize greater financial gain; (4) how granting the variance would alter the general character of the surrounding area; (5) how granting the variance would impair the intent and purpose of the ordinance and/or the Comprehensive Plan; (6) how the relief he requested is not the least necessary; and (7) how he has failed to show that the hardship that he will suffer if this variance is not granted amounts to more than a mere inconvenience.
Where the Board has "fail[ed] to disclose the basic findings upon which its ultimate findings are premised," it is not the duty of this Court to "search the record for supporting evidence" or "decide for [itself] what is proper in the circumstances."Hooper v. Goldstein, 104 R.I. 32, 241 A.2d 809 (R.I. 1968). Yet even were this Court to review the record to try to find evidence supportive of the Board's conclusory conclusions, it would be of no assistance. While statements on the record at the hearing on plaintiff Marsocci's application suggest that his application is the third request for dimensional variances for the property, that he created his own hardship by buying the property from his sister under those circumstances and that the proposed design of the house is not compatible with the neighborhood, there is scant evidence in the record to support those statements. While statements on the record also suggest that plaintiff Marsocci requested dimensional variances that were too large (particularly as to the smaller of the two proposed side yards) and that his request contravenes the near zero tolerance policy of the Board with respect to dimensional variance requests, there is no evidence in the record to substantiate the Board's near zero tolerance policy with regard to dimensional variances (to the extent that it exists) nor does the record indicate the size of variances, if any, that the Board would deem acceptable in plaintiff Marsocci's case or whether any variance request from him would be acceptable.
Moreover, the written decision of the Board, again in violation of R.I. Gen. Laws § 45-24-69(a) and Johnston Zoning Ordinance Art. VI, § H (1), does not even record the vote of its members as to its findings of fact and conclusions of law. Only the Chairman signed the decision, as approved by the Town Solicitor. While the Board attempts to suggest that it is harmless error for the Board members not to vote on or to approve the written decision because the record of the hearing shows the Board members' votes, the transcript of the hearing does not support the Board's argument in this regard. When the Secretary of the Board moved to deny plaintiff Marsocci's application for dimensional variances because "the setbacks [were] too small" and the Chairman seconded that motion and called for the vote, only three Board members voted in favor of the motion. Tr. at 17. Moreover, it is not at all clear from the record whether any of the Board members, other than perhaps the Chairman, approved the written decision. The written decision, being devoid of factual findings and conclusions of law, is not even in a form upon which any Board member could vote intelligently. Even given its form, there is nothing in the record to substantiate the Board's claim that all of the Board members would have approved the decision as written.
For all of these reasons, the September 19, 2003 decision of the Board violates R.I. Gen. Laws § 45-24-69(d), as it is in violation of statutory and ordinance provisions (namely, R.I. Gen. Laws § 45-24-61(a) and the Johnston Zoning Ordinance Art. VI, § H (1) as to its failure to include findings of fact and the votes of each participating member thereon and R.I. Gen. Laws §45-24-41(d)(1) as to its improper application of the law of use variances); it is in excess of the authority granted to it by those statutory and ordinance provisions; it is made upon unlawful procedure for its failure to abide by those provisions; and it is similarly affected by errors of law. The failure of the Board to articulate its findings of fact and conclusions of law, its failure to take a vote of all of its members at the hearing in the first instance and to record the vote of each of its members with respect to the form of its written decision, and its misapplication of the provisions of the law applicable to use variances constitute profound errors of law that preclude this Court from engaging in any meaningful review of the Board's written decision in this case. As a result, this Court must reverse the decision below and remand this case to the Board for further proceedings.[8]
On remand, this Court believes that it is appropriate for the Board to rehear plaintiff Marsocci's application for dimensional variances de novo. Such a hearing is required in the circumstances of this case where the Johnston Zoning Board of Review presumably has changed in its composition since the original hearing date in this matter.[9] See Coderre v.Zoning Board of Review of Pawtucket, 103 R.I. 575, 578,239 A.2d 729, 730-31 (1968) (holding that where there is a change in the composition of the zoning board intervening between its decision and the Supreme Court's remand to require the board to make the requisite findings of fact and conclusions of law, a hearing denovo is a jurisdictional condition precedent to a valid decision on remand).[10] In addition, this Court is not confident, based on the state of the record below that the Board could make the appropriate findings of fact and conclusions of law required by the statute, ordinance, and this Decision without a rehearing.
The Board is thus ordered to rehear plaintiff Marsocci's application within thirty (30) days, or otherwise upon the agreement of the parties, and to render a written decision, complete with appropriate findings of fact and conclusions of law, within thirty (30) days thereafter in accordance with this Decision and the dictates of R.I. Gen. Laws § 45-24-61(a) and Johnston Zoning Ordinance Art. VI, § H (1). Any aggrieved party may appeal any final decision of the Board to this Court pursuant to R.I. Gen. Laws § 45-24-69(a). This Court will retain jurisdiction of any subsequent appeal.[11] Counsel shall confer and submit to this Court forthwith for entry an agreed upon form of order and judgment that are reflective of this Decision.
[1] The following statements of the Chairman at the hearing are indicative of his view of plaintiff Marsocci's application for dimensional relief:
 You have homes on Atwood Avenue worth $250,000. We want to put one shotgun style end to the street. You knew two years ago when you bought you want to have eight feet in the back, 16 feet in the front. Where are you going to put the snow? Tr. at 4.
 Here is my suggestion. Go to Califf and Plainfield Street and put that type of street up. Or further into Cranston on the left, that's how they do it in the City of Cranston. Don't put a 26, 44. You created the hardship when you bought it from your sister. Tr. at 8-9.
 I'm against it. I don't get into the debate. I'm only the chairman. They can say let it go. The vote is going to be four to one. I have zero tolerance for this type of house, a shotgun little house like this on Atwood Avenue with all those beautiful homes and businesses. You may think no because you live in Narragansett. Tr. at 11.
 I'm not comfortable with it. I dealt with this lot twice before. We dealt with it. We bent over backwards twice before. You got permission to do something twice before. Now all of a sudden a new owner surfaces. I don't like giving you that relief. That's all. Go to Califf and Plainfield, beautiful little home and put it there and it will enhance the neighborhood. This will not. Tr. at 14-15.
 You may be the one guy out of the last 20 that's telling us the truth but you know what? I don't care anymore. Tr. at 16.
 We developed almost a zero tolerance on this board. But the word has got to get out there stop coming in and buying all the junk lots and you want to build another one. You can build on it. Put something nice on it. Go by Califf and Plainfield. They put a small house there, cleaned up the lot and everybody is happy. Id.
[2] Plaintiff Marsocci filed his motion to amend his complaint by mailing it to the Superior Court on October 7, 2003; the Clerk of Court accepted the motion to amend for filing and date stamped it on October 10, 2003.
[3] As the Board does not question the timeliness of the plaintiff's appeal, and as this Court lacks the factual and legal record that is necessary to adjudicate that issue, particularly as plaintiff filed the appeal in the form of an amended complaint to his pending mandamus action, this Court will presume that the appeal was timely filed.
[4] Section 45-24-69(a) states, in pertinent part, as follows:
 The zoning board of review shall file the original documents acted upon by it and constituting the record of the case appealed from, or certified copies, together with other facts that may be pertinent, with the clerk of the court within thirty(30) days afterbeing served with a copy of the complaint.
[5] See also Cranston Printworks Co. v. City of Cranston,684 A.2d 689, 691 (R.I. 1996) (quoting Thorpe v. Zoning Board ofNorth Kingstown, 492 A.2d 1236, 1236-37 (R.I. 1985) ("a zoning board of review is required to make findings of fact and conclusions of law in support of its decisions in order that such decisions may be susceptible of judicial review")); Zammarelliv. Beattie, 459 A.2d 951, 953 (R.I. 1983) ("under no circumstances could the terse denial of petitioners' application, without findings of fact, application of legal principles, or indeed, any reasonably decipherable statement of the board's conclusion, meet the standards that we have held previously");May-Day Realty Corp. v. Board of Appeals of Pawtucket,107 R.I. 235, 240, 267 A.2d 400, 403 (1970) (judicial review of a board's decision is impossible unless the board makes factual determinations and applies the appropriate legal principles in order for a judicial body to discern the manner in which the board resolved its evidentiary conflicts).
[6] After comparing Johnston Zoning Ordinance Art. III, § 26-19, Variances, with the Board's decision, it is clear that the Board did little more than repeat the standards (albeit incorrectly) that are listed within § 26-19(b). This section of the Ordinance states:
 (b) In granting a variance, the zoning board shall require that evidence of the satisfaction of the following standards be entered into the record of the proceedings:
 (1) That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and is not due to a physical or economic disability of the applicant;
 (2) That the hardship is not the result of any prior action of the applicant and does not result primarily form the desire of the applicant to realize greater financial gain;
 (3) That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the chapter or the comprehensive plan upon which this chapter is based; and
 (4) That relief granted is the least necessary.
 * * *
 (c)(2) In granting a dimensional variance, that the hardship that will be suffered by the owner of the subject property if the dimensional variance is not granted shall amount to more than a mere inconvenience, which shall mean that there is no other reasonable alternative to enjoy a legally permitted beneficial use of one's property. The fact that a use may be more profitable or that a structure may be more valuable after the relief is granted shall not be grounds for relief.
[7] Indeed, in its haste to recite a mere litany of the legal precepts applicable to dimensional variances, the Board erred in its inclusion of a legal principle applicable only to requested use variances but not to dimensional variances. In its decision, the Board stated that "the petitioner has failed to show that the subject land or structure cannot yield any beneficial use if it is required to conform to the provisions of the Johnston Zoning Ordinance." See Decision ¶ 5 (conclusions of law). This conclusory statement is drawn verbatim from R.I. Gen. Laws §45-24-41(d) (1). Yet that statute makes it clear that such a standard of proof is inapplicable here to plaintiff Marscocci's application for dimensional relief but applies only to applications for use variances. See R.I. Gen. Laws § 45-24-41
(d)(1) (stating that "the zoning board of review shall . . . require that evidence is entered into the record of the proceedings showing that: (1) in granting a use variance the subject land or structure cannot yield any beneficial use if it is required to conform to the provisions of the zoning ordinance.").
[8] Even if the Board had made the requisite findings of fact and conclusions of law, this Court might well have found the decision lacking in evidentiary support in the record or arbitrary and capricious in violation of R.I. Gen. Laws §§45-24-69(d). There is little to no evidence in the record as to (1) any prior applications for dimensional relief with respect to the property; (2) whether plaintiff's request for dimensional relief results from a desire for greater financial gain; (3) the character of the surrounding area and how the proposed variance would contravene the applicable provisions of the ordinance or Comprehensive Plan; (4) the near zero tolerance policy of the Board as to applications for dimensional variances; (5) plaintiff's intentions with regard to the property; and (6) what, in the Board's view, as confirmed by other zoning requests, would constitute the least relief necessary. Absent such evidence, the statements made by the Chairman about plaintiff's application appear arbitrary in that they fail to reflect a case-by-case determination of the merits of plaintiff's request, they reflect bias toward the plaintiff, and they telegraph to the other members of the Board how to vote in advance of the vote. See n. 1, supra.
[9] Although this Court has no direct evidence of record to indicate such a change in the composition of the Board, counsel for plaintiff Marscocci advised this Court not in the form of a filed pleading but by an unofficial letter dated October 27, 2005, after it appeared that the parties could not resolve their differences, that Richard Fascia and Christopher Maselli have replaced Anthony Verardo and Ernest Acciardo, respectively, on the Board, and that Alfred Cianci has become an alternate Board member since the original zoning hearing. These representations do not appear to be in dispute.
[10] See also Lombardi v. Kooloian, 560 A.2d 951, 952
(R.I. 1989) (citing Coderre, 103 R.I. at 578,239 A.2d at 730-31, with approval); Dresser v. A.T.G., Inc., 118 R.I. 66,67-68, 372 A.2d 67, 68 (1977) (invalidating a zoning decision in part because "[s]everal of the individuals participating in the decision on remand had been members of the original board, but were not members of the presently constituted zoning board.).
[11] Upon any further review, should the parties not be able to agree otherwise, this Court will determine whether plaintiff Marsocci is entitled to an award of attorney's fees and costs for the delay occasioned by the Board's failure to render a timely written decision and timely file the certified record on appeal.